## BRUNDIGE v MALONEY.

1. **Tax Sale:** FOR LESS THAN ENTIRE TRACT: UNDIVIDED PORTION. A purchaser at tax sale who offers to pay the taxes for less than the whole of a tract of land, under section 876 of the Code, acquires an undivided interest in the whole tract.

*Appeal from Polk District Court.*

FRIDAY, OCTOBER 25.

ACTION to recover forty acres of land in Polk county. The defendant claimed title to an undivided seven-fortieths of the land, by virtue of a tax deed made in pursuance of a sale *for taxes* of said land on the 5th day of November, 1873. The tax deed describes the land conveyed, as the "undivided seven-fortieths" of the forty acres. The defendant also filed a cross-bill, asking that his title to the seven-fortieths of the land be quieted in him.

There was a demurrer to the answer, the ground of which in substance was that the tax deed was void because it described an undivided interest in the whole forty acres, and not a designated portion thereof. The demurrer was over-ruled. Plaintiff refused to plead further, and a decree was entered for the defendant, quieting his title in seven-fortieths of the land, and the petition was dismissed. Plaintiff appeals.

*Smith & Baylies*, for appellant.

*Wm. T. Love*, for appellee.

ROTHROCK, J.—I. Section 766 of the Revision of 1860 was in these words: "The person who offers to pay the amount of taxes due on any parcel of land *for the smallest portion* of the same, is to be considered the purchaser; and when *such portion* constitutes a half or more, of the parcel, *it shall be taken* from the east side thereof, *dividing* it by a line running north and south, except that town or city lots are *to be divided*, in such case, lengthwise, by a line parallel with the proper lines

·of the lots. If *the portion taken* be less than one-half of the tract, it is *to be taken* from the southeast corner, in a square form, as nearly as the form of the land will conveniently permit."

Section 876 of the Code is as follows: "The person who ·offers to pay the amount of taxes due on any parcel of land, or town lot, for *the smallest portion* of the same, is to be considered the purchaser; and when such purchaser shall *designate the portion* of any tract of land or town lot *for which* he will pay the whole amount of taxes assessed against any such tract or lot, *the portion thus designated* shall, in all cases, be con-sidered *an undivided portion.*"

It is not difficult to perceive the reason for the amendment ·of the former section. By its provisions the purchaser took a designated quantity of lands—as so many acres from the east side, if one-half or more, or so many acres from the southeast ·corner if less than half. For example, if the purchaser offered ·to pay the tax upon a quarter section for eighty acres thereof, he took the east half of the quarter. If the offer was to pay the tax for forty acres, he took the southeast forty. He was thus often times enabled, by an improper division of lands or town lots, to leave the part not sold with its value greatly impaired. Under section 876 of the Code the purchaser is required to designate by his bid, and not afterwards, for what undivided portion of the land he will pay the taxes, as one-fourth, one-half, or seven-fortieths, and the deed follows the bid. It is a mistake to suppose that the words "undivided portion," mean only that the part taken by the purchaser shall be undivided, that is, that he shall not take, say four acres, in one part of the land, and four or any number of acres of land in another part. The object of the amendment is that neither the statute nor the purchaser shall fix the boundaries ·of the land purchased, so that a valuable town lot may be so ·divided as that all the improvements shall be upon one part, ·or that a farm may be so divided that one part may be cut off from roads, timber, water, and the like.

Counsel for appellant resort to a critical examination of the meaning of the phrase "undivided portion," and other words.

contained in the statute. We do not think it proper to follow them into that field of discussion. The object and purpose of the statute is so plain that resort to nice technical definitions. seems to us to be unnecessary.

II. Complaint is made that the plaintiff's petition was dismissed. It is claimed he should have recovered the undivided thirty-three-fortieths not claimed by defendant. He should have amended his petition after the demurrer was overruled, and claimed his undivided interest, and showed that the defendant either, denied his right or did some act which amounted to such denial. Code, section 3248.

AFFIRMED.