## SMITH v. SMITH.

1. **Conveyance:** DELIVERY NECESSARY. A conveyance not delivered vests no title in the grantee.

2. **Tax Title:** CANNOT BE ACQUIRED BY TENANT AGAINST CO-TENANT: ILLUSTRATION. S. and W. agreed upon an exchange of homesteads, but neither title was perfect, and they employed H. to clear the titles. H. found that W.'s property had been sold for taxes and that a tax deed was due. With W.'s money he bought in the tax certificate and procured a tax deed to be made to S., in anticipation of the exchange to be consummated, but the tax deed was not then recorded or delivered to any one by H. Afterwards the exchange was perfected by the execution of the proper deeds, and all the conveyances, including the tax deed, were filed for record at the same time. The deed from W. was dictated by S., and conveyed the property affected thereby to S. and wife during their joint lives, and afterwards to the survivor, in fee-simple absolute. S.'s wife survived him. An actual exchange of homesteads was made about six weeks prior to final conveyances. *Held* that S. and wife were joint tenants, and that the tax title acquired by S. was only a fortification of the title conveyed by W. to him and his wife, and that, after his death, his widow took the whole property under the deed from W.

*Appeal from Dubuque Circuit Court.*

WEDNESDAY, APRIL 21.

ACTION IN EQUITY. Decree for plaintiff, and defendant appeals.

*Runnells & Walker*, for appellant.

*Utt Bros.*, for appellee.

SEEVERS, J.—We find the facts to be that the plaintiff is the widow of Platt Smith, and that the defendant is his heir at law. Platt Smith, in his life-time, was the owner of certain real estate in Dubuque, known as the "Hill-street property," which was occupied by him and the plaintiff as their homestead. Mrs. Waite occupied certain real estate in Dubuque as her homestead, which was known as the "Bluff-

street property." Prior to the death of Platt Smith a contract was made whereby an exchange of said homesteads was agreed upon. Platt Smith and the plaintiff agreed to convey the Hill-street property to Mrs. Waite, and she agreed to convey the Bluff-street property to Platt Smith and the plaintiff. The conveyances were to be made and possession given by the first day of June, 1875. The contract was in writing, and at the time it was entered into it was understood that the title of neither party was perfect; but it was agreed that a fee-simple title should be conveyed by and vest in each party. For the purpose of perfecting the title to their respective parcels of real estate, the parties employed one Herod, and he found, among other things, that the Bluff-street property had been sold for city taxes, and that the holder of the certificate was entitled to a deed. For the purpose of perfecting the title, he purchased the certificate, and paid therefor with his own money, which was, however, repaid to him by Mrs. Waite. He took an assignment of the certificate to Platt Smith, and on the nineteenth day of July the city treasurer conveyed the premises to Platt Smith, who had no knowledge of the purchase, nor assignment of the certificate, nor of the conveyance made to him by the treasurer, until after the deed was recorded. We find the fact to be that Herod, in purchasing the tax certificate and procuring the conveyance from the treasurer, was acting for and as the agent of Mrs. Waite, whose duty it was to perfect her title to the property she had agreed to convey to Smith. Why the assignment and conveyance were made to the latter does not appear, but it may be presumed to have been done as a matter of convenience.

On the nineteenth day of July, Mrs. Waite made a conveyance of the Bluff-steeet property in accordance with the contract. This conveyance was dictated by Platt Smith, and it was drafted as he directed, and the material portion thereof is as follows: "That Belinda J. Waite,   *   *   *   in consideration of an exchange of homestead with Platt Smith and Janet

E. B. Smith,    *    *    *    does hereby sell and con-
vey unto the said Platt Smith and Janet E. B. Smith, during
their joint lives, and afterwards to the survivor, in fee-sim-
ple absolute." The tax deed was delivered to Herod, and
was retained by him until the chain of title was completed,
and then it, the conveyance executed by Mrs. Waite, and all
other conveyances, were filed for record at the same time. It
possibly should be stated that on or about June 1, 1875, each
party took actual possession of what had, prior to that time,
been the homestead of the other.

In their first argument counsel for appellant elaborated at
least one proposition which, as we understand, they have
practically abandoned in their reply, for the reason, we may
assume, that it was not regarded as tenable after an amended
abstract had been filed. Whether we are correct in this
assumption it is not material to inquire, for the reason that
we are clearly satisfied that it is not well taken.

Counsel for the appellant insist that, as the tax deed and
the conveyance from Mrs. Waite were both filed for record at
the same time, reference must be had to the time they were
respectively executed to determine which has priority; and,
as the tax deed was executed first, that it must prevail over
the conveyance which was subsequently executed. There-
fore it is insisted that the absolute fee-simple title vested in
Platt Smith, and that plaintiff has no title thereto. The
circuit court found and decreed that the plaintiff had a fee-
simple title to the property in controversy. The proposition
of appellant's counsel above stated, it seems to us, cannot be
sustained, because it ignores the fact that the tax deed was
never delivered to Platt Smith. Suppose it had been ascer-
tained after the execution of the tax deed that Smith could
not make a perfect title to his property, and that the agreement
to exchange homesteads had been abandoned, could Smith
have claimed title under the tax deed? We think not. Such
deed was in the possession of Herod, and no title thereunder
had vested in Smith, because the deed had never been deliv

ered to him; which deed, in fact, as we have said, was never delivered to Smith, but was filed for record by Herod under the belief that such was the best way to perfect the title. Before it was so filed the deed from Mrs. Waite was executed. Smith had knowledge of this deed, dictated it, and under it the title vested in Platt Smith and the plaintiff as joint tenants or tenants in common, and the former could not procure a tax deed to the prejudice of his co-tenant. *Weare v. Van Meter*, 42 Iowa, 128; *Flinn v. McKinley*, 44 Id., 68; *Tice v. Derby*, 59 Id., 312. As between Platt Smith and the plaintiff the Waite conveyance should have priority, because it is clearly apparent that he did not then claim under the tax deed. He did not then know it had then been executed, and he and the plaintiff then became co-tenants. As to them, or either of them, the tax-title was subsequently acquired.

We are of the opinion that the decree of the circuit court is right, and it must be

AFFIRMED.