STULL v. MOORE.

SAME v. HANES.

SAME v. BARR.

SAME v. HARPER.

1. **Construction**: PAPER INCORPORATED BY REFERENCE. Where one paper refers to another by unmistakable reference, the two may be read together as constituting substantially one instrument.

2. **Tax Sale and Deed**: NOTICE TO REDEEM: PROOF OF SERVICE. Where the publisher of a newspaper made affidavit to the fact that a sufficient notice of the expiration of the time of redemption from a tax sale was published in his paper for the length of time required by law, and the agent of the holder of the certificate of purchase, by reference to such affidavit, incorporated it into an affidavit made by him, showing the manner in which the notice was served, *held* that the two affidavits should be read together as constituting the affidavit of the agent, and that the proof of service was sufficient as a basis for a valid tax deed.

*Appeals from Decatur District Court.*

WEDNESDAY, DECEMBER 1.

ACTIONS to set aside certain tax deeds, and to redeem from the tax sales. There was a decree for the plaintiff, and the defendants appeal.

*T. M. Stuart*, for appellants.

*Brocket & Bevis*, for appellee.

ADAMS, CH. J.—The above entitled actions are submitted together as involving the same question of law. The question presented pertains to the sufficiency of the proof of service of the notice of the expiration of redemption. The case is submitted upon an agreed statement of facts. So far as the question at issue is concerned, it will be sufficient to set out a portion of the statement. The portion material to the controversy is in these words: "It is agreed that proof of the publication or service of notice of expiration of the time for redemption of said lands from tax sale was made upon printed blanks prepared for that purpose, and that the following is a correct copy of the affidavits filed in these cases:

"*State of Iowa, Decatur County:* I swear that I am publisher of the Decatur County Journal, a newspaper printed and published in Leon, in said county, and of general circulation therein; that the annexed notice was published in

said newspaper three consecutive weeks, the first publication of the same being on the tenth day of July, 1879, and the last said publication being on the twenty-fourth day of July, A. D. 1879.                                W. T. ROBINSON.

"Sworn to before me and subscribed by the above named W. T. Robinson this twenty-ninth day of July, A. D. 1879. "Witness my hand and notarial seal.

"J. W. HARVEY, Notary Public.

"I, John W. Harvey, being duly sworn, on oath say that I am agent for the holder of the certificate of purchase described in the annexed notice, and that said notice was served on the within named Lewis Stull in the manner and form shown by the within and foregoing return.

"JOHN W. HARVEY.

"Subscribed and sworn to by John W. Harvey before me July 31, 1879.          "T. S. ARNOLD, Notary Public."

The court below held that the foregoing affidavits were insufficient under the statute to constitute proof of publication. It does not very clearly appear that the affidavits were written upon one piece of paper, or in such a way as to render it certain that Harvey referred to Robinson's affidavit as "the within and foregoing return." But the counsel for the appellee admit in argument that Harvey did in fact refer to Robinson's affidavit, and we think that this admission would justify the inference that the reference appeared upon the face of the paper. On no other theory could the admission be accounted for. The treasurer, then, could see as well as any one that Harvey referred to Robinson's affidavit. We have the question, then, as to whether the statements made by Robinson should by reason of Harvey's reference be deemed incorporated into Harvey's affidavit. In answer, we have to say that we think that they should. Where one paper refers to another by unmistakable reference, the

two may be read together as constituting substantially the same instrument.

We do not attach any importance to Robinson's statement as an affidavit made by him. He was evidently not competent, under the statute, to make proof. His statement acquires its whole significance by reason of its incorporation by reference into Harvey's affidavit. By reading the two together as Harvey's affidavit, we think that they show the fact that service was made, and that it was made in the particular mode which the statute provides. It appears to us, then, that the court erred, and the judgment must be

REVERSED.