JOHNSON v. BROWN.

1. **Tax Sale and Deed:** NOTICE TO REDEEM: PROOF. The holder of a tax-sale certificate, in an affidavit written on the same paper whereon appeared the notice of the expiration of the time for redemption, and the affidavit showing its publication in a newspaper, stated that he was "the holder of the certificate of purchase described in the within notice, and that said notice was served on the within named T. J., in the manner and form as shown by the within and foregoing return." *Held* that this affidavit referred with sufficient explicitness to the affidavit showing publication of the notice, and constituted good proof of service. (Compare *Stull v. Moore*, 70 Iowa, 149.)

*Appeal from Ringgold Circuit Court.*

WEDNESDAY, JUNE 8.

ACTION to enforce plaintiff's alleged right to redeem from certain tax sales. A decree granting plaintiff the relief prayed for was rendered by the circuit court. Defendant appeals.

*T. M. Stuart*, for appellant.

*J. W. Brocket*, for appellee.

BECK, J.—I. Eliza A. Johnson was substituted as plaintiff, and the decree was rendered in her favor. No questions are raised involving plaintiff's title to the land, or the regularity of the tax sales.

II. Plaintiff claims the right to redeem upon the ground that the proof of the service of notice, by publication of the

expiration of the time within which redemption from the tax sale is authorized, as prescribed by the statute, was not made. The alleged defect in such proof is in the affidavit of the holder of the certificate, which is in the following language: " I, J. N. Brown, being duly sworn, on oath say that I am the holder of the certificate of purchase described in the within notice, and that said notice was served on the within named Theodore Johnson in the manner and form as shown by the within and foregoing return." This affidavit was written or printed upon the same paper whereon appeared the notice and the affidavit showing its publication in a newspaper. It is insisted that this affidavit fails to refer with sufficient explicitness to the paper stating the facts it verifies. There can be no doubt that the affiant refers to the affidavit showing publication which appears upon the same paper. The affidavit in this regard is more explicit than like proof held good in *Stull v. Moore*, 70 Iowa, 149. Indeed, in our opinion, it refers with absolute certainty to the paper, which by virtue of such reference, becomes a part of it. We conclude that plaintiff fails to show a right to redeem from the tax sale.                                                   REVERSED.