ROWLAND *et al.* v. BROWN.

| | |
|---|---|
| 75 | 679 |
| 80 | 233 |
| 75 | 679 |
| 85 | 136 |
| 75 | 679 |
| 105 | 477 |
| 75 | 679 |
| 125 | 532 |

1.  **Tax Sale and Deed**: NOTICE TO REDEEM: PERSON IN POSSESSION:
    WHO IS. A woman who has an interest in land sold for taxes, and
    who resides on it at the time the notice to redeem is given, not as
    having any control of the land, but simply as housekeeper for her
    brother, who has full control, is not a person in possession in such
    sense that she is entitled to have such notice served on her.
    [BECK, J., *dissenting*].

2.  ———: ———: DESCRIPTION OF LAND: NUMBER OF ACRES. A
    notice to redeem from tax sale, which was otherwise unobjection-
    able, described the land as the " N. W. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of section
    thirty (30), township seventy-two (72), range twenty-four (24),
    30 acres," when in fact the subdivision described contained forty
    acres. *Held* that the description was sufficient, because the
    number of acres, being inconsistent with the area as shown by the
    other certain description, must be rejected as surplusage, under
    the rule of *Ufford v. Wilkins*, 33 Iowa, 112. (See opinion for cases
    distinguished).

3.  ———: ———: PROOF OF SERVICE: ATTACHED AFFIDAVIT: COUNTY
    OF SERVICE AND OF CERTIFYING NOTARY. Where a return of service
    of a notice to redeem is made on the same paper, it may be verified
    by a proper affidavit attached and referring thereto; it need not
    be on the same paper. (*Stull v. Moore*, 70 Iowa, 150; *Johnson v.
    Brown*, 71 Iowa, 609). Nor need the return show the county of
    service; for that is immaterial where the service is personal. Nor
    is such service deficient because it does not show for what county
    the notary who administered the oath was qualified to act; for of
    that the courts will take judicial notice. (See *Stoddard v. Sloan*,
    65 Iowa, 685).

*Appeal from Clarke District Court.*

FILED, MARCH 12, 1888.

ACTION in equity to set aside a tax deed, and to
redeem the land therein described from tax sale. On

Rowland v. Brown.

the hearing in the district court, the petition of the plaintiffs was dismissed, and the costs of the action taxed to them. Plaintiffs appeal.

*M. L. Temple* and *John Chaney*, for appellants.

*T. M. Stuart*, for appellee.

ROBINSON, J.—I. The question involved in this case is stated by appellants to be "the sufficiency of the notice of expiration of the time for redemption." The land in controversy was sold for delinquent taxes on the second day of October, 1882. The certificate of purchase was assigned to defendant, who obtained a treasurer's deed for the land on the twelfth day of May, 1886. January 21, 1886, the notice in controversy was served on J. C. Rowland, in whose name the land was taxed, and on Henry Rowland. It is urged by appellants that the service of the notice was not sufficient, for the reason that it was not made on Nellie Rowland, who is a plaintiff in this action, and who had an interest in the land at the time in question. The evidence in regard to her ownership and the possession of the land is as follows: J. C. Rowland testified that "on the twenty-first day of January, 1886, and prior, my brother, J. H. Rowland, and sister, Nellie Rowland, were living on this forty, occupying the house, and in possession of the property. My brother's name is Henry,—is known as J. H.,—and he has been in possession of this land all the time. J. H. Rowland is a single man, and his sister, Nellie, aged about nineteen years, kept house for him, and lived with him on the property, and she was one of the heirs to the property. I had bought J. H. Rowland's share in the land, and was permitting him to live on it, and his sister with him, keeping house for him. In 1886 it was part pasture and part meadow-land, and in 1885 was pastured by J. H. Rowland. He and his sister lived there." J. H. Rowland testified as follows: "In January, 1886, I lived on the land in controversy, and was a farmer. I had this piece of land in

*marginal note:* 1. TAX sale and deed: notice to redeem: person in possession: who is.

Rowland v. Brown.

pasture, and pastured on it my horses, cattle and hogs. My sister was keeping house for me. The land belonged to my brother, J. C. Rowland, mostly, and I rented of him." The statute requires the notice to be served "upon the person in possession of such land or town-lot, and also upon the person in whose name the same is taxed, if such person resides in the county where the land is situated." The notice is not required to be served on the owner unless he is in possession of the land, or unless it is taxed in his name ; therefore the fact that Nellie Rowland had an interest in the property did not require that notice be served on her. The material inquiry is, was she in possession of the property, either alone or in connection with another, within the provision of the statute we have quoted ? The possession contemplated by this provision is actual and not constructive. It involves the occupying and controlling of the land, and not a mere residence upon it. It will be noticed that no claim is made that Nellie had any control over the premises, nor any interest therein, as resulting from her residence thereon. She appears to have been a member of the family of her brother, for the purpose of serving him as a housekeeper. He rented the land from his brother, and not from Nellie, and occupied it for his own use and benefit. His stock was pastured on the land, and he seems to have been the only one who had a right to occupy, use and control it when the notice was served. If the construction of the statute contended for by appellants be the true one, then it would be necessary to serve the notice, not only upon the person in actual possession of the land, but upon each adult member of his family. We cannot think that this was the intent of the general assembly, and conclude that, under the facts of this case, notice was not required to be served on Nellie Rowland.

II. The next objection urged against the notice is that it did not sufficiently describe the land. The 2. ——: ——: description of land: number of acres. description therein contained is as follows : "N. W. ¼ of the N. E. ¼ of section thirty (30), township seventy-two (72), range

twenty-four (24), 30 acres." The evidence shows that the northeast quarter of the northwest quarter of section 30, in question, contains forty acres. It is claimed by appellants that the notice informed the persons on whom it was served that it was the intent of the owner of the certificate to take a deed for thirty of the forty acres contained in the tract described, and that since the thirty acres were not particularly described, the notice is insufficient for any purpose. *Blair Town Lot & Land Co. v. Scott*, 44 Iowa, 144; *Poindexter v. Doolittle*, 54 Iowa, 52; *Vaughan v. Stone*, 55 Iowa, 214; and *Roberts v. Deeds*, 57 Iowa, 320, are cited in support of this claim. We do not think these cases sustain the claim of appellants. It is not pretended that the sale was of "30 acres" in the tract described; and the notice certainly does not state that a deed for but thirty acres will be made if the property is not redeemed. The description given is complete without the addition "30 acres;" hence this may be rejected as mere surplusage. It is a rule of construction adopted by this court that when the quantity of land mentioned in a deed as a part of the description is inconsistent with the area as shown by other certain description, the statement of quantity will be rejected. *Ufford v. Wilkins*, 33 Iowa, 112. We think the same rule should be applied to the notice in controversy. The notice directed the attention of the persons on whom it was served to the date of the tax sale, the name of the purchaser, and the tract of land sold, as well as to the time within which redemption was required to be made. They could not have been misled by the erroneous part of the description in question.

III. It is insisted that the proof of service of the notice was insufficient to authorize the treasurer to issue the deed. An unverified return was made on the notice. An affidavit of the agent of the holder of the certificate of purchase was attached, stating that service had been made as shown by the return. This was a sufficient compliance with the statute.

3. ——: ——: proof of service: attached affidavit: county of service and of certifying notary.

*Johnson v. Brown*, 71 Iowa, 609 ; *Stull v. Moore*, 70 Iowa, 150. It is further objected that the county in which service was made is not shown in the return. The statute requires the notice to be served on the person in possession of the land, and on the person in whose name it is taxed, if he resides in the county where the land is situated. The place of service is not material where there is actual service ; and the return need show only the service, and the particular mode thereof. In this respect the requirements are not the same as in the case of an original notice. Code, secs. 894, 2604. It is also said that the proof of service is deficient, in that it is not shown for what county the notary who administered the oath to the agent was qualified to act. We held in *Stoddard v. Sloan*, 65 Iowa, 685, that we would take judicial notice of the official character of a notary public, and of the county for which he was appointed. This case falls within the scope of that decision.

AFFIRMED.

BECK, J., ( *dissenting* ). In my opinion, the record shows that Nellie Rowland was in possession of the land jointly with her brother J. C. Rowland, and her rights are not cut off, for the reason that she was not served with notice of the expiration of the time for redemption.