Jenswold v. Doran.

## JENSWOLD V. DORAN.

### THE SAME V. RUTLEDGE.

1. **Tax Sale and Deed:** PURCHASE OF PART OF TRACT FOR WHOLE TAX : FORM OF BID : VALIDITY. Section 876 of the Code provides that when a "purchaser (at tax sale) shall designate the portion of any tract of land or town lot for which he will pay the whole amount of taxes assessed against such tract or lot, the portion thus designated shall, in all cases, be considered an undivided portion." In these cases it appears from the tax-sale record, which is the authoritative record of the sales, that the bids were made upon fractions of the tracts, as one-twentieth and one-eightieth. *Held* that the law would regard the sales as of undivided interests, and valid, though the list of lands advertised for sale showed that the bids were for "two acres" and "one-half acre." (*Brundige v. Maloney*, 52 Iowa, 218; *Poindexter v. Doolittle*, 54 Iowa, 52, *distinguished.*)

2. ——— : ——— : ONE NOTICE TO REDEEM FROM TWO SALES. A purchaser at tax sale purchased one fraction of a tract of land for the taxes of one year, and the other fraction, and the whole of another tract, for the taxes of the next year. His notice to redeem recited the two sales of the several fractions, and the purchase of all of the other tract by the same person, but it was single as to the purchaser and person in whose name the land was taxed. It was addressed to the proper person and was properly served. *Held* that it was not invalid because it covered more than one sale and certificate, and more than one tract. (*White v. Smith*, 68 Iowa, 313, and *Adams v. Burdick*, 68 Iowa, 666, *distinguished.*)

*Appeals from Palo Alto District Court.*—HON. GEORGE H. CARR, Judge.

FILED, MAY 27, 1889.

THESE cases present substantially the same questions, and they will be determined in one opinion. They involve the validity of certain tax deeds upon four forty-acre tracts of land in Palo Alto county. The plaintiff is the owner of the patent title, and the defendants are the owners of the tax titles. The district court held that the tax titles were valid, and the plaintiff appeals.

*John Jenswold, Jr., pro se.*

*Soper & Allen,* for appellee Doran.

*P. O. Cassidy* and *D. Rutledge,* for appellee Rutledge.

ROTHROCK, J.—I. The actions were originally commenced by the plaintiff, Jenswold, against other parties, for the purpose of quieting his patent title, and decrees were entered in his favor. The appellees herein intervened in the actions, and claimed the lands under certain tax deeds. Jenswold joined issue with appellants, and claimed that the tax deeds were void, and conveyed no title.

1. Tax sale and deed: purchase of part of tract for whole tax: form of bid: validity.

It appears from the record that on the fifth day of December, 1881, said John Doran became the purchaser at tax sale of a one hundred and sixtieth interest in one of the forty-acre tracts, and that in consideration of said purchase he paid the delinquent taxes on the whole tract. At the next annual tax sale, which was held in December, 1882, the remainder of the same forty-acre tract was delinquent for the taxes for 1881, and was offered for sale, and Doran bought the whole of the same, being one hundred and fifty-nine one hundred and sixtieths thereof, for the amount of taxes due thereon, and at the same sale he bought the whole of another of the forty-acre tracts in dispute for the delinquent taxes due thereon. It thus appears that at the two tax sales,

in the years 1881 and 1882, Doran became the purchaser of all of both the forty-acre tracts claimed by him. He paid the subsequent taxes, and within the proper time he gave notice of redemption to the proper party; and at the expiration of three years from the day of sale he surrendered his certificates of purchase to the county treasurer, and received treasurer's deeds for all of both tracts. Rutledge, the other appellee, bought the two other forty-acre tracts in substantially the same way. The only difference was that at the first sale he bought one-twentieth of one forty, and one eightieth of the other, and paid the delinquent taxes on the whole tracts; and at the second sale he became the purchaser of the remaining parts of each forty-acre tract claimed by him. It appears from the above facts as to the sale of the land for taxes that there must have been competition among the purchasers at the first sale. The lands purchased were but small fractions of the tracts offered. Section 876 of the Code is as follows: "The person who offers to pay the amount of taxes due on any parcel of land or town lot, for the smallest portion of the same, is to be considered the purchaser; and, when such purchaser shall designate the portion of any tract of land or town lot for which he will pay the whole amount of taxes assessed against any such tract or lot, the portion thus designated shall, in all cases, be considered an undivided portion. * * *"

Appellant insists that all of these sales were void because, as he claims, the purchasers did not designate by their bids that they offered to pay the taxes for a designated undivided fraction of the land. He claims that the "list" of lands advertised for sale for taxes shows that the bids were made, not upon fractional undivided interests, but for "two acres" and "one-half acre." But, conceding that the tax-sale list does show that acres and fractional parts of acres were bid instead of undivided fractions of the whole tract, the sales cannot, for that reason, be held to be void. The tax-sale record, which is the authoritative record of the sales, shows that the bids were made upon fractions of the

Jenswold v. Doran.

tracts as one-twentieth and one-eightieth. But it is claimed that it does not appear where these fractions were located in the several tracts. This was wholly unnecessary. The law regards them as undivided interests. The deeds follow the fractional descriptions, and we think the record shows valid sales. It is only necessary to give the most casual examination to the cases of *Brundige v. Maloney*, 52 Iowa, 218, and *Poindexter v. Doolittle*, 54 Iowa, 52, claimed by appellant to be authority for holding these sales invalid, to demonstrate that they are not applicable to the question now under consideration.

II. It is next claimed that the notices of expiration of redemption were insufficient to authorize the execu-

2. ——: ——: tion and delivery of the treasurer's deeds. one notice to redeem from The notices were addressed to the proper two sales. person, and there is no objection to the manner of service. But it is claimed that the notices cover more than one sale and certificate, and more than one tract, and that they are insufficient for these reasons. An examination of these notices discloses the fact that they recite the two sales of the two fractions, the purchase of all of the two forties by the same person, and the notice given to the party to whom the lands were taxed. The notices were single as to the purchaser, and the person in whose name the land was taxed. They are in no sense within the rule of the cases of *White v. Smith*, 68 Iowa, 313, and *Adams v. Burdick*, 68 Iowa, 666. We think the notices are in form in substantial compliance with the statute.

III. Lastly, it is claimed that sales in 1882 were void because the delinquent taxes for 1881 were not carried forward upon the tax books as required by section 845 of the Code. This objection to the sales does not appear to be sustained by the evidence.

AFFIRMED.