Smith v. Heath.

SMITH V. HEATH.

**Tax Sale and Deed:** NOTICE TO REDEEM: PROOF OF SERVICE. The publisher of a newspaper made affidavit that the notice to redeem from tax sale in this case, a printed copy of which was pasted in the body of the affidavit, was published in his paper as required by law for such notices. This affidavit was attached to an affidavit made by the holder of the certificate of purchase at tax sale, in which he stated that he was the lawful holder of the certificate of purchase "described in the foregoing notice;" that he served the same on the owner of the patent title "by publication, as per annexed notice;" that the notice was published in the newspaper named in the publisher's affidavit (naming it) for four consecutive weeks, etc. *Held* that the latter affidavit, by reference, made the former one a part of it, and that it was a sufficient proof of service of the notice, as required by section 894 of the Code. (Compare cases cited in opinion.)

*Appeal from Audubon District Court.*—HON. H. E. DEEMER, Judge.

FILED, MAY 22, 1890.

THIS is an action in equity, and involves the validity of a tax title to forty acres of land. The plaintiff is the owner of the patent title, and claims that the tax title is void. The defendant maintains the validity of the tax deed, and in a cross-bill prays for a decree quieting his title. There was a decree for the defendant, and plaintiff appeals.

*W. R. Greene*, for appellant.

*H. F. Andrews*, for appellee.

ROTHROCK, C. J.—It is conceded that all of the proceedings prior to the execution of the tax deed were regular, and in conformity with the statute, excepting the proof of service of the notice of expiration of redemption required by section 894 of the Code. The service of the notice was made by publication, and, in

order to understand the question made by appellant, it is necessary to set out the proof of service. No objection is made to the form of the notice. It consisted of a printed slip of paper pasted upon a space left for that purpose upon a printed blank form which had been filled up in writing, and when filled up it was an affidavit of publication made by the publisher of the newspaper. The affidavit was in these words:

"AFFIDAVIT OF PUBLICATION.

"STATE OF IOWA, } ss.
"Audubon County. }

"I, H. M. Stuart, on oath, depose and say that I am a member of the firm of Carpenter & Stuart, proprietors of the Audubon *Advocate*, a weekly newspaper printed at Audubon, Audubon county, Iowa; that the annexed printed notice was published in said newspaper for four (4) consecutive weeks; and that the last of said publication was on the second day of August, A. D. 1882.

"H. M. STUART,

"Sworn to before me, and subscribed in my presence by the said H. M. Stuart, this fourth day of August, A. D. 1882.

"[Seal.]          FRANK P. BRADLEY,
                    "Clerk District Court.

"By R. J. HUNTER, Deputy."

Another affidavit, made by the holder of the tax-sale certificate, was executed on a separate sheet of paper, but attached to the notice and affidavit of the publisher. This last affidavit is as follows:

"STATE OF IOWA, } ss.
"Audubon County. }

I, F. W. Stotts, being duly sworn, depose and say that I am the lawful holder of the certificate of purchase described in the foregoing notice; that I served the same on Wm. H. Kibby by publication, as per annexed notice, and the notice was published in the

Audubon *Advocate* for four consecutive weeks, and the last publication was on the second day of August, 1882.

"W. F. STOTTS.

"Subscribed and sworn to in my presence, before me, this second day of August, 1882.

"THOMAS WALKER,

"Notary Public.

"Filed in my office August 4, 1882.

"E. J. FREEMAN,

"Treasurer."

The said papers were duly recorded in the proper record of the treasurer's office on the same day on which they were filed.

Section 894 of the Code provides that service of notice "shall be deemed completed when an affidavit of the service of said notice, and of the particular mode thereof, duly signed and verified by the holder of the certificate of purchase, his agent or attorney, shall have been filed with the treasurer authorized to execute the tax deed." In *Stull v. Moore*, 70 Iowa, 149 ; *Johnson v. Brown*, 71 Iowa, 609 ; and *Rowland v. Brown*, 75 Iowa, 679, it was held that, where the publisher of the newspaper in which the notice was published makes an affidavit of publication, and the owner of the certificate makes an affidavit in which reference is made to the notice and affidavit of the publisher, all of the papers may be considered together in determining whether the proof of service is sufficient. It is not insisted that the proof is not sufficient in this case because the affidavit of Stotts makes no reference to the affidavit of the publisher. We think that, as all these papers were fastened together, and the printed slip was so attached as to be really the same paper on which the affidavit of the publisher was made, it ought to be held that, in the reference made by Stotts to the notice, reference was made to the whole paper, and that the proof of service is sufficient. Any other holding, it seems to us, would be exceedingly technical. Reasonable certainty should be the test. There is no requirement that the proof of

service should be certain, to a certain intent, in every particular. Some question is made by counsel for appellant upon the fact that the jurat to the affidavit of Stotts was made on the second day of August, 1882, two days before the affidavit was made by the publisher. This is an evident mistake in the date. The body of Stotts' affidavit shows that it had reference to the other paper, and it must have been made after the affidavit of the publisher was completed. The decree of the district court will be                    AFFIRMED.