H. M. FUNSON, Appellant, v. J. H. BRADT, *et al.*

**Tax Sale:** NOTICE TO REDEEM. Code, 1873, section 894, provides that a notice that a sale of land for taxes has been made, and that, unless redemption is made within a certain time, a deed will be made, shall be published as in case of nonresidents, and that "service shall be deemed completed when an affidavit of the service of such notice, and of the particular mode thereof, duly signed and verified by the holder of the certificate of purchase, his agent or attorney, shall be filed with the treasurer authorized to execute the tax deed. *Held*, that where an affidavit of service, made by the attorney of the purchaser, duly filed, made the affidavit of the news-paper publishers, which alleged facts required for a valid publication, a part thereof and showed that the publication was duly made, it was sufficient.

SAME. A description in the notice required by Code, 1873, section 894, of the expiration of the time for redemption of land sold for taxes stated the "west ½ of the southwest ¼ of section 1" etc., had been sold instead of an undivided one-half of the land. *Held*, that though the description was not entirely accurate, yet, as it described accurately the entire tract for the taxes on which an undivided half had been sold, it was sufficient.

PRESUMPTIONS. It will be presumed in favor of a tax deed, where it does not appear that notice of the expiration of redemption was

served on the person in possession of the land, that no such service was required, in the absence of anything to show that any persons were in possession.

AFFIDAVITS. An affidavit of service of notice of the expiration of the time to redeem from a tax sale signed by the sheriff is insufficient under the statute where it does not show that the sheriff was the agent or the attorney of the purchaser.

SAME. An affidavit of the attorney of the purchaser of land at a tax sale stating that notice of expiration of the time of redemption was served by the sheriff on specified persons and that such persons were the parties in possession of the land described in the notice, is insufficient under the statute, as it does not show that the attorney served the notice.

Cotenancy: TAXATION. One tenant in common cannot against his cotenant acquire a valid tax title to the land owned in common.

*Appeal from Calhoun District Court.*—HON. S. M. ELWOOD, Judge.

MONDAY, MAY 16, 1898.

ACTION in equity to have set aside certain tax deeds, and for permission to redeem from certain tax sales. There was a hearing on the merits, and a decree, which was afterwards modified. The plaintiff and the defendant J. H. Bradt appeal, the appeal of the plaintiff having been first perfected.—*Affirmed.*

*H. E. Long* for appellant.

*Stevenson & Lavender* for appellee, Bradt.

ROBINSON, J.—The land in controversy is the west one-half of the southeast one-fourth of section 1, township 88 north, of range 34, west, in Calhoun county. It was patented to James Burns by the United States in the year 1858. The plaintiff claims title by virtue of the swamp-land grant, a conveyance by Calhoun county to the trustee of the American Emigrant Company, a conveyance from the surviving trustee to the company, and

conveyances from the company and its grantees, and by virtue of a decree of the district court of Calhoun county in favor of certain grantees in the plaintiff's chain of title purporting to quiet that title as against the heirs of James Burns, deceased; also by virtue of a tax deed issued and recorded on the fourteenth day of January, 1893, in favor of W. H. McCracken, for an undivided one-sixteenth of the land in question; a second tax deed, issued and recorded on the twenty-fourth day of April, 1895, in favor of W. H. McCracken for the undivided one-tenth of the undivided fifteen-sixteenths of the south half of the land in question; and a conveyance from McCracken. It may be conceded that the plaintiff is the owner of the land unless the claim of title made by Bradt is well founded. That claim is based upon a tax deed for an undivided one-half of the land issued on the seventh day of February, 1893, to A. N. Jack, and recorded on the next day, and a conveyance from Jack to Bradt; and also upon a tax sale of the undivided one-fourth of the undivided fifteen-sixteenths of the north half of the land, made on the seventh day of December, 1891, to Bradt, the service of a notice of the issuing of a tax deed, and the failure of the landowner to redeem from the sale within the time prescribed by law, in consequence of which it is alleged Bradt is entitled to a tax deed. The tax sales through which Bradt claims are admitted to be regular, and it is from them that the plaintiff demands the right to redeem. On the twenty-fifth day of March, 1896, the district court entered a decree quieting the title of Bradt under the tax deed of February, 1893, to the undivided one-half of the land claimed by the plaintiff, as against him and Bradt's co-defendant, Schwingle, and permitting the plaintiff to redeem from the tax sale of December, 1891, and, upon the making of such redemption, quieting his title to an undivided one-fourth of the undivided fifteen-sixteenths

of the north half of the land claimed by the plaintiff. The amount required to redeem from the sale last mentioned was fixed at ninety-seven dollars and ninety-five cents. On the fourth day of May, 1896, on the motion of the plaintiff, the district court modified the decree by reducing the amount required to redeem to the sum of fifty-three dollars and ninety-seven cents. The plaintiff appealed from the decree as first rendered and as modified, and Bradt appealed from a ruling of the court, which sustained a motion to strike a division of his answer, and from the modified decree so far as it is adverse to him. Schwingle does not appear to be concerned in either appeal.

I. The appellant assails the tax deed of February, 1893, on the ground that due notice of the expiration of the time in which redemption could be made from the sale on which it was based was not given and proved.

Section 894 of the Code of 1873, provided that: "After the expiration of two years and nine months after the date of sale of the land for taxes, the lawful holder of the certificate of purchase may cause to be served upon the person in possession of such land or town lot, and also upon the person in whose name the same is taxed, if such person resides in the county where the land is situated, in the manner provided by law for the service of original notices, a notice signed by him, his agent, or attorney, stating the date of sale, the description of the land or town lot sold, the name of the purchaser, and that the right of redemption will expire and a deed for said land be made, unless redemption from such sale be made within ninety days from the completed service thereof. Service may be made upon non-residents of the county by publishing the same three times in some newspaper printed in said county. *  *  * Service shall be deemed complete when an affidavit of the service of said notice, and of the particular mode thereof, duly signed and verified by the holder

of the certificate of purchase, his agent or attorney, shall have been filed with the treasurer authorized to execute the tax deed. * * * And until ninety days after the service of said notice, the right of redemption from such sale shall not expire. * * *" In July, 1892, Jack caused to be served the notice required by statute. The appellant claims that service was not made on James Burns, in whose name the land was then taxed, and that it was, therefore, fatally defective. It is said that Burns was dead when the notice was served, and, as it could not be served on him, proof of service of it was not required. The case, in this respect, seems to be somewhat like that of *Kessey v. Connell*, 68 Iowa, 430, but, whether service of notice as to Burns could have been dispensed with we do not need to inquire. An affidavit of service made by an attorney of Jack, and duly filed, makes the affidavit of the publishers of the newspaper which alleged facts required for a valid publication a part of the affidavit of the attorney, and shows further that publication was duly made. We have held that the affidavit of a proprietor of the newspaper, not being the holder of the certificate, his agent or attorney, is not competent to prove publication. *Association v. Smith*, 59 Iowa, 704; *Ellsworth v. Cordrey*, 63 Iowa, 675; *Sweeley v. Van Steenburg*, 69 Iowa, 696. But we have also held that if the affidavit of the agent makes the statement of the affidavit of the publisher as to the publication of the notices a part of the agent's affidavit, the proof of the publication is sufficient. *Stull v. Moore*, 70 Iowa, 149; *Smith v. Heath*, 80 Iowa, 231. Under the authority of the cases cited, the proof of service as to Burns was all that the statute required.

II.   The appellant contends that there was no sufficient proof of service of the notice on Clark Howard, Call Howard, and William Howard, who are claimed to

have been in possession of the land when the notice was served, and therefore entitled to notice. The tax deed recites that it appeared from the affidavit of the attorney for Jack filed in the treasurer's office that due notice of the expiration of the time for redemption had been given to the three persons named, and the notice was addressed to them, but did not state that they were in possession of the land. An affidavit signed "J. M. Stewart, Sheriff," verified, and attached to the notice, stated that it had been served on the three Howards, "the parties in possession of the above-described land"; but the affidavit did not show that Stewart was the agent or attorney of Jack, and was not, therefore, competent evidence of the facts recited. *Ellsworth v. Van Ort*, 67 Iowa, 222; *Stevens v. Murphy*, 91 Iowa, 356. The affidavit of the attorney of Jack, filed as proof of service of notice, states that the notice was served by Stewart on Clark Howard and Call Howard, and that they were "residents of Calhoun county, Iowa, and the parties in possession of the land in said notice described." But the affidavit did not show that the attorney served the notice, nor is there other proof that such was the fact; therefore, under the rule of *Ellsworth v. Van Ort, supra*, he was not the proper person to make proof of service as to the Howards, and the statement of the affidavit as to them was without effect. If, however, it be conceded that he was authorized to make the proof, then his affidavit showed due services on the two Howards, who are stated in his affidavit to have been in possession of the land. Our attention has not been called to anything in the record, excepting that to which we have referred, which tends to show that any one was in possession of the land when the notice was required to be given; and we must presume in favor of the deed, if service of notice

on the persons in possession has not been shown, that such service was not required.

III. It is said that the tax deed is void for the reason that the notice of the expiration of the time of redemption stated that the "west half of the southeast quarter of section 1," etc., had been sold, instead of an undivided one-half of that land; and the cases of *Griffith v. Utley*, 76 Iowa, 292; *Roberts v. Deeds*, 57 Iowa, 320; *Poindexter v. Doolittle*, 54 Iowa, 52; *Martin v. Cole*, 38 Iowa, 141,—are cited to support the claim thus made, but an examination of those cases shows that none of them are in point. The notice described accurately the entire tract for the taxes on which an undivided half had been sold. Although the description was not entirely accurate, yet it could not have failed to call the attention of the person upon whom it was served to the sale intended, and the property sold, and thus accomplish the purpose of the statute; and we therefore conclude that it was sufficient. See *Rowland v. Brown*, 75 Iowa, 679. Objection is made to the form of the description of the premises sold, contained in the tax deed, but, we think, without sufficient reason. The tax deed is not shown to be invalid, and Bradt is entitled to the interest which it purports to convey.

IV. The first objection made to the notice of the expiration of the time of redemption from the tax sale of December, 1891, is that when it was served the land was taxed in the name of "Jas. Bums," but that the notice was directed to James Burns. We have examined the original tax list, and have no doubt that the name therein written was "Burns," and not "Bums." But a fatal objection to the title attempted to be acquired by that sale is the fact that, as the tax deed under which

Bradt claims was valid, he became by virtue of that, and of the conveyance to him from Jack, a tenant in common with McCracken before he became entitled to a tax deed under the sale of December, 1891, and is now a tenant in common of the plaintiff; and it is well settled that a tenant in common can not acquire a valid tax title to property owned in common, as against his co-tenant. *Clark v. Brown*, 70 Iowa, 139, and cases therein cited; *Smith v. Smith*, 68 Iowa, 608; *Shell v. Walker*, 54 Iowa, 386. This is admitted by the appellee.

V. The division of Bradt's answer which was stricken out alleged that he was a good-faith purchaser from Jack, without knowledge of any defects in the tax deed. In view of the conclusion we reach that the tax deed was valid, it becomes unnecessary to determine whether the motion to strike was properly sustained. The decree of the district court appears to be right, and it is, on both appeals, AFFIRMED.