J. C. C. HOSKINS, Appellee, v. THE IOWA LAND COMPANY, Appellant.

Tax Sale: POSTING NOTICE.  Posting a notice of a tax sale on a bulletin board at the courthouse door rather than on the door itself is a compliance with the statute, and if this were not true it would not invalidate the sale, under section 880 of the Code of 1873.

Notice to Redeem From Tax Sale: PROOF OF SERVICE.  An affidavit making proof of service by advertisement of notice to redeem from a tax sale need not attest or have attached the original manuscript of the notice, as the printed notice is sufficient.

*Appeal from Woodbury District Court.*—HON. F. R. GAY-
NOR, Judge.

THURSDAY, OCTOBER 15, 1903.

ACTION to quiet title to land in plaintiff. Decree as
prayed, and defendant appeals.—*Affirmed.*

*S. J. Quincy* and *C. M. Swan* for appellant.

*Robert Hunter* and *C. K. Williams* for appellee.

WEAVER, J. —The controversy in this case turns upon
the validity of a tax deed under which plaintiff claims
title.  The defendant contests the deed (1) because no
notice of the sale for taxes was posted on the courthouse
door as required by the statute; and (2) because, assuming
the sale to have been regular and valid, there was no
sufficient proof of service of notice to redeem.

I.   The proof shows the notice of tax sale was not
posted on the courthouse door, but was in fact posted upon
a bulletin board used for that purpose, and standing upon
the porch of the building, just outside the
door.   There is also some question whether
the notice was so posted for the full period prescribed by
the statute.   While the statutory directions as to tax sales
are to be strictly construed, it would, we think, border
upon the absurd to hold that the requirement for posting
upon the "courthouse door" is not fairly and fully com-
plied with by posting upon a bulletin board at the door.
The evident design of the law is to have the notice in a
public place, easy of access, and of such notorious location
that no one need be misled or mistaken as to the place
where it can be seen.   "On the door" does not necessarily
mean on the swinging panel which fills the opening or
entrance to the building.  A conspicuous posting upon the
building, at the side of the opening, or upon a separate

board or panel or bulletin kept there for that purpose, is sufficient, to all reasonable intents and purposes. Moreover, this alleged defect comes clearly within the provisions of section 880 of the Code of 1873, which was in force at the date of the sale in question. That provision is to the effect that no irregularity or informality in the advertisement shall affect the legality of the sale, or the title to any real property conveyed by tax deed. Such has been our holding in a case entirely parallel in principle. *Davis v. Magoun*, 109 Iowa, 309. Therefore, even if we were to decide that a posting of the notice on the bulletin board is not a compliance with the statute, and though it be conceded that the notice was not posted the full prescribed period, the objection is not available to the defendant against the deed.

II. The proof of service of notice to redeem is by affidavit, the body of which is in the following words: "J. C. C. Hoskins, being first duly sworn, deposes and on oath

2. NOTICE TO RE-
deem from
tax sale: proof
of service.

says that he is the lawful holder of the certificate of purchase described in the notice to redeem from tax sale, hereto attached, marked 'Exhibit A,' and made a part of this affidavit; that he served the same on I. B. Walker, the person in whose name the land therein described is taxed, by causing said notice to be published three times in the Stylus, a newspaper printed and published at Sioux City, in the county of Woodbury, in the state of Iowa, and issued weekly; the first publication thereof being on the 9th day of December, 1897, and the last publication on the 23d day of December, 1897. J. C. C. Hoskins." It is conceded that the notice, Exhibit A, attached to the affidavit, is in printed form, with printed signature, and was evidently clipped from the newspaper in which the publication was had. No other notice or proof of service as to this sale was ever filed with the treasurer. No objection was made to the form of the affidavit, or to the sufficiency

of the time during which it had been on file with the treasurer. If we understand the contention of the appellant, it is that the original manuscript notice signed by the holder of the certificate must be attested by the proper affidavit, and filed in the treasurer's office, and that attaching the printed notice or copy to the affidavit is not sufficient. No authority is cited to this effect, nor do we think any can be found. On the contrary, we have held that an affidavit which does not contain or have attached to it any notice whatever, but refers to a printed notice attached to a separate instrument, is sufficient. *Smith v. Heath*, 80 Iowa, 231. So far as our observation goes, it is the universal practice in cases depending upon service by publication to make proof of such service in the manner here adopted. Indeed, we see no good reason why the notice need ever be put in manuscript, except as it be required for the convenience of the printer. It is the printed notice which is served. The certificate holder adopts the printed signature as his own. The failure to file the original manuscript, if one existed, tends in no manner to mislead the property owner, or imperil his property rights. There is nothing in the statute, fairly interpreted, to indicate a legislative intent to require such filing. The objection is not well taken.

We find no good reason for interfering with the judgment appealed from, and the same is AFFIRMED.