SUSAN F. BARCROFT, RUSSELL A. BARCROFT, J. K. BARCROFT, HATTIE L. McCAUGHAN, and MARY E. KING, Appellants, v. B. E. MANN and ANNA BELLE STRATHERN.

**Taxation:** REDEMPTION NOTICE: DEFECTS. In the absence of a showing that a person not the owner of land sold for taxes was in the actual occupancy thereof, alleged defects in the redemption notice served on him are immaterial.

**Same.** Failure of the return of service of notice to redeem from a tax sale to state either the time or place of service renders the notice insufficient under Code, section 1441.

*Appeal from Polk District Court.*— HON. A. H. McVEY,
Judge.

TUESDAY, NOVEMBER 15, 1904.

ACTION to redeem lots 16 to 22, inclusive, in Mann's
Addition to Auburn Heights, now included in the city of
Des Moines, from tax sale and deed. The relief prayed
was granted as to lots 17 and 18 only, and plaintiffs appeal.
— *Modified.*

*Clark & McLaughlin,* for appellants.

*C. C. & C. L. Nourse,* for appellees.

LADD, J.— The taxes on lots 16 to 22, inclusive, in
Mann's Addition to Auburn Heights, now included in the
city of Des Moines, became delinquent, and, to satisfy the
same, each lot was sold separately December 4, 1894, to L.
M. Mann, and certificate of sale executed to him for each.
These several certificates were assigned to the defendant
B. E. Mann, to whom the treasurer of Polk county issued
a deed February 2, 1900, which was duly recorded shortly
afterwards. Thereafter Mann conveyed the lots to the de-
fendant Strathern. The tax deed is assailed as having been
issued without proper notice, or such service thereof as the
law required. Lots 17 and 18 were taxed in the name of
L. M. Mann, and lots 16, 19, 20, 21, and 22 in the name
of James M. McCaughan. The notice was directed "to
J. M. McCaughan" only, described all the lots, and stated
"that the right of redemption will expire and a treasurer's
deed for said lots will be made unless redemption from such
sale be made within ninety days from the completed service
of this notice." This was dated September 9, 1899, and in-
dorsed thereon was the following: "I hereby accept due and
legal service of the above notice. James M. McCaughan."
A similar notice, directed "to occupant," was indorsed:

" I hereby accept due and legal notice of the above notice. J. C. Booton." To these was attached the affidavit of B. E. Mann, as owner of the certificates, " that the property described in the above notice is now taxed in the name of J. M. McCaughan and under my direction said notice was served on J. M. McCaughan, also on J. C. Booton, occupant, by their accepting service of the same on the 9th day of Sept. A. D. 1899, as appears on said notice."

Some of the contentions of appellant are settled by previous decisions of this court. *Jenswold v. Doran,* 77 Iowa, 692; *Stoddard v. Sloan,* 65 Iowa, 680.

The alleged defects in the notice to Booton, or in the service thereof, may be dismissed, as the record contains no evidence indicating the necessity of notice to him. As he

1. REDEMPTION NOTICE: defects.

was not the owner, it is not to be assumed, in the absence of any showing, that he was in the actual occupancy of the property.

The point mainly relied on is that the return of service does not show where or when the notice to McCaughan was served. Under section 894 of the Code of 1873, a state-

2. SAME.

ment of the place where was not essential; and the court, in *Rowland v. Brown,* 75 Iowa, 679, refused to read such a requirement into the statute. But as this notice was dated September 9, 1899, it must have been accepted after the adoption of the Code in 1897, section 1441 of which provides that " service shall be complete only after an affidavit has been filed with the treasurer showing the making of the service, the manner thereof, the time when and place where made and under whose direction the same was made." The necessity of a statement of the time of service is apparent, as without this the treasurer could not well determine when the period of redemption has expired. *Hopper v. Ry.,* 91 Iowa, 639. The object of the statement of the place where the service is effected is not so manifest. It is a part of the return, however, by the statute made essential to a complete service, without

which the issuance of a deed by the treasurer is unauthorized. From the affidavit of the owner of the certificates, it appears that he did not rely upon service by himself, but under his direction; and'this was by "their accepting service of the same on the 9th day of Sept. A. D. 1899, as appears on said notice." For the time and place of the service, then, we are directed to the indorsement on the notice. But neither the place nor time of acceptance is there to be found. True, the notice is dated September 9, 1899, but from this no inference can be drawn that the acceptance was on the same day. The acknowledgment obviates the necessity of service by another, but, as the return of the latter must have disclosed the place where and time when, the acknowledgment should have been equally definite. Any information aside from that imparted by the papers filed was immaterial. *Reed v. Thompson,* 56 Iowa, 455. As service was not complete, the district court erred in not allowing plaintiffs, as the heirs of J. R. Barcroft, to redeem.

The decree will be modified so as to permit redemption of all the lots by the payment of $22.07, with a penalty of eight per cent. added, and interest on the total amount at eight per cent. per annum from December 4, 1894, within ninety days from the filing of this opinion. Section 1436, Code.— *Modified* and *affirmed.*