FOLEY ET AL. v. KANE ET UX.

1. **Judicial Sale**: IRREGULARITY: DEED. The recital in a sheriff's deed that the property therein described was sold, together with other property, for a specified sum, is not sufficient to establish the fact that both tracts were sold together in gross, the presumption being that the officer sold in accordance with the statute.

2. ——: ——: ——. The validity of a sheriff's deed cannot be attacked, in an action at law to recover the property, on the ground of irregularity in the sale.

*Appeal from Scott Circuit Court.*

TUESDAY, MARCH 16.

THIS is an action at law for the possession of part of out-lot No. 31, in the city of Davenport, being a piece of land one hundred and fifty-two and one-twelfth feet long from north to south, and sixty feet wide. The petition alleges

that on the 25th day of December, 1874, Patrick Foley died seized of the premises, leaving the plaintiffs, his widow and children, his sole heirs. The defendants allege that the defendant Michael Kane acquired title in fee to the premises on the 28th day of April, 1863, and at that time entered into possession of the property, and that he has ever since held adverse possession under color of title. The defendants plead the statute of limitations.

The cause was tried to the court, and judgment was rendered for the defendant for costs. The plaintiffs appeal.

*N. S. Mitchel*, for the appellants.

*Davison & Lane*, for the appellees.

DAY, J.—The defendant, Michael Kane, claims that the property in controversy was on the 21st day of May, A. D. 1859, sold at sheriff's sale to William Dunton, to satisfy a judgment recovered by Stephen Thompson against Patrick Foley; that the certificate of purchase was assigned to George S. C. Dow, and a sheriff's deed was executed to him on the 1st day of April, 1863, and that on the 28th day of April, 1863, the defendant purchased the premises of Dow. It thus appears that the plaintiffs and the defendants claim title under Patrick Foley. The defendant entered into the possession of the property as the tenant of Patrick Foley, under a lease for five years, which expired somewhere from the 8th to the 10th of April, 1863. After the termination of his lease he remained in the possession of the property, and has so continued to the present time, without the payment of rent, and has fenced the property and claimed and treated it as his own.

I. The defendants offered in evidence a sheriff's deed dated April 1, 1863, reciting a sale of the premises therein conveyed to William Dunton, on the 21st day of May, 1859, under an execution issued on the 19th day of March, 1859, on a judgment recovered by Stephen Thompson against Patrick Foley; the assignment of the certificate of purchase to

George S. C. Dow, and the making of a deed to Dow on the 23d day of May, 1860, for other property included in the same sale, from which it is stated the property conveyed by the deed of April 1, 1863, was by mistake omitted. The plaintiffs objected to the introduction of this deed "because irrelevant and incompetent, being uncertain in description of the premises, and not including the property in controversy with any certainty; and for the further reason the deed shows the judgment under which it originates to have been satisfied by a sheriff's sale of another tract of land, and shows a sale *en masse.*" The argument of the appellants assumes a somewhat wider range than this objection, but they cannot be allowed to urge here other objections to the introduction of the deed than those made in the court below when it was offered. We will consider the various parts of the objection made to the introduction of the deed, but in an order different from that in which they are presented.

1.   It is objected that the deed shows the judgment under which it originates to have been satisfied by a sheriff's sale of another tract of land. The deed recites that other lands were sold at the same time of the sale of the lands included in this deed, and that they were omitted from that deed by mistake. The deed contains nothing showing that the judgment was satisfied by the sale of the lands mentioned in the other deed, but, upon the contrary, that the sale of the lands described in this deed contributed in part to the satisfaction of the judgment, and that they were not included in the first deed through a mistake. This objection is without merit.

2.   It is objected that the deed shows a sale *en masse.* It is claimed that considering the deed in question in connection 1. JUDICIAL with the deed to which it refers, of May 23, 1860, sale: irregu-larity: deed. it appears that the land included in the deed now in question and a separate tract of land included in the deed of May 23, 1860, were sold together for a gross sum. The deed contains the following recital: "At which sale the premises were struck off to William Dunton, together with

other real estate, which was conveyed by said first party to said second party by deed dated May 23, 1860, and recorded in book X of Scott county records, at page 599,        *        * for the sum of one hundred and eighty-six dollars and fifty-eight cents." The deed of May 23, 1860, contains a recital that the premises therein conveyed were struck off to William Dunton for the sum of one hundred and eighty-six dollars and fifty-eight cents. These recitals do not establish the fact that the land described in the two deeds was sold together for a gross sum. The presumption is that the officer selling did his duty, and these recitals do not overcome this presumption and show that he did not. See *Love v. Cherry*, 24 Iowa, 204 (210). It was said in *Love v. Cherry*, *supra*, that "it may well be questioned whether such an irregularity as the sale of two lots together could, after redemption expired and a sheriff's deed is executed and delivered, be made available to defeat a title in a third party, which is otherwise regular." This language was employed in an action in equity to set the deed aside. Whether or not such an irregularity should avail in a direct proceeding to set the deed aside, we are clearly of opinion that, on account of such irregularity, a deed cannot, in a law action, be regarded as void.

3. It is objected that the deed is irrelevant and incompetent, not including the property in controversy with any certainty. The point of commencement of the tract conveyed is described in the deed as follows: "A part of out-lot No. 31, in the city of Davenport, bounded as follows, to-wit: commencing at the northeast corner of said lot, thence south along the east line two hundred and twenty-three and seventy-four one hundredths feet, thence west forty feet to the place of beginning of the tract intended to be conveyed." The place of beginning of the tract intended to be conveyed is thus fixed at a point forty feet west of the east side of said out-lot. The original plat of out-lot 31, as shown by the evidence, is forty feet east of all the subsequent plats of said

out-lot. If the deed in question was drawn by the original plat of said out-lot, it includes but twenty feet in width of the property in controversy; but if it was drawn by any of the subsequent plats, it includes all of the property in controversy. The fact that Patrick Foley, from the time of the expiration of the lease in April, 1863, until his death, in December, 1874, a period of more than eleven years, suffered the defendant to remain in possession of the property, improving and treating it as his own, is, in the absence of any other testimony upon the subject, conclusive, it seems to us, of the fact that the sheriff's deed conveyed the premises in controversy.

III. It is claimed that the defendant, Michael Kane, having gone into the possession of the premises as the tenant of Patrick Foley, he cannot assert any title which he acquired from Dow, in opposition to the title of his landlord; and further, that the conveyance from Dow to defendant does not describe the property in question. These questions we need not consider. The plaintiffs must recover in this action upon the strength of their own title. The title of Patrick Foley was divested by the sheriff's sale and deed, and the plaintiffs inherited no interest in the property from him.

IV. It is insisted that the widow is, at least, entitled to dower in the premises. It is urged that the dower is to be governed by section 2477 of the Revision, which was in force when the execution sale was made, and not by section 2440 of the Code of 1873, which was in force at date of the death of the husband, and that the execution sale did not divest the right of dower. Precisely the opposite of this claim was held in *Lucas v. Sawyer*, 17 Iowa, 517. The judgment is

AFFIRMED.