EDGAR PRICE by his Next Friend, HENRY PRICE, Appellant, v. SAMUEL BALDAUF, Appellee.

1. **Easement:** VIOLATION OF: INJUNCTION. The plaintiff and the firm of B. & B. being the owners of certain adjacent town lots, upon which they each designed erecting a two-story building, entered into a written agreement whereby the firm of B. & B. undertook to construct a stairway on the south side of their lot, and in their building construct a hall on the second floor running to the rear end of the building, with a door in the rear end of said hall. The plaintiff was to have the use of said hall and stairway jointly with the firm of B. & B., and in consideration thereof agreed to build the middle wall between their respective buildings eighty feet long and two stories high. After the completion of said hall and stairway each party was to pay half the expense of keeping the same in repair. Afterwards B. & B. constructed a two-story building on their lot, one hundred feet long, instead of eighty feet, as contemplated, with a stairway and hall the entire length, having a door and a transom at the rear end, and a back stairway as an approach to the door. The plaintiff paid the cost of the partition wall, and from the year 1875 to that of 1889 the firm of B. & B. and the plaintiff and their tenants used the hall and the rear stairway jointly. From the foot of the stairs walks extended south to the outhouses of the plaintiff and north to those of B. & B. The defendant as grantee of the firm of B. & B., desiring to make a change in the use of his upper rooms, removed the rear stairs, and was proceeding to close the hall eighty feet from the front of the building, and to extend his own building twenty feet further into the alley, when the plaintiff brought this action to enjoin him from so doing, on the ground that such change would cut off his means of ingress and egress at the rear of his building, and deprive him of light and air to his damage. *Held*, that the contract by its terms, and as construed by the acts of the parties thereto, entitled the plaintiff to a door at the end of the hall in the rear, and the right of passage in and out by a stairway; that, while the defendant might extend his building as contemplated, he could not do so at a sacrifice of these rights of the plaintiff under said contract.

2. ——— : ——— : TEMPORARY INJUNCTION : DAMAGE : PLEADING.   It was not averred in the plaintiff's petition, nor proven upon the trial, that the threatened injury to the plaintiff was irreparable, nor that the defendant was insolvent, *Held*, that, if the petition was defective at all on this account, it was apparent on the face of the petition, and no demurrer being filed the defect was to be deemed waived.

#### SUPPLEMENTAL OPINION.

3. **Pleading . DAMAGES : TEMPORARY INJUNCTION.**   To entitle a party to have a temporary injunction issued it is not necessary that it be averred or proven that the threatened injury will be irreparable nor that the person sought to be enjoined is insolvent.   It is sufficient, under the provisions of section 3388 of the Code, if it appears that the acts contemplated, if done, will greatly damage the plaintiff.

*Appeal from Mahaska District Court.*—HON. D. RYAN, Judge.

### THURSDAY, OCTOBER 16, 1890.

THE plaintiff and the firm of Boyer & Barnes were owners of adjoining lots in the city of Oskaloosa; the lot of the plaintiff being twenty feet wide, and that of Boyer & Barnes twenty-eight feet wide.   Each designed the erection of a two-story building on his lot, and because of the narrow width of the plaintiff's lot, and with a view of having access to the second story of his building from the premises of Boyer & Barnes, they entered into the following contract in writing :

" This agreement, made and entered into by and between Boyer & Barnes of the first part, and Henry Price, of the second part, witnesseth :   That party of the first part agrees to construct a stairway on south side of their lot, on the west side of public square, in the city of Oskaloosa and county of Mahaska, Iowa, at least fifty-two inches in the clear, with a hall on second floor running to rear end of the building, with door in said rear end of hall.   Second party, for the use of said hall and stairway jointly with party of the second part, agrees on his part to build the middle wall of good stone foundation and thirteen-inch brick wall, two

stories high, for eighty feet, and twenty feet more one story high; said wall to be built half on each party's ground, and to be owned jointly by said parties; and party of second part further agrees to pay half the cost of tin roofing over the said hall, and to put good iron doors on each opening that he may make in said partition wall. It is further agreed that, after the completion of said stairway and hall, each party shall pay half the expense of keeping said stairway and hall in repair.

"Dated Oskaloosa, Iowa, April 14, 1874.

"BOYER & BARNES,
"HENRY PRICE."

Boyer & Barnes then (1874) constructed a two-story building, one hundred feet in length, with a stairway and a hall the entire length, with a door and transom in the rear end of the hall, and also made a back stairway as an approach to the door. After the completion of the building by Boyer & Barnes, the plaintiff paid to them the cost of the partition wall for the distance of eighty feet, two stories high, and the remaining twenty feet, one story high, Boyer & Barnes themselves erecting the wall of the second story of the remaining twenty feet. In 1875 the plaintiff erected his building of the same length as Boyer & Barnes', with doors for access to his rooms above from the hall in question. The rooms of the second story in each building were used as "sleeping rooms, offices, tailor shop and photograph gallery," until the building of Boyer & Barnes was sold to the defendant in 1889. During the time after the erection of the plaintiff's building, in 1875 to 1889, the rear stairway was used by Boyer & Barnes and the plaintiff, and their tenants, in the upper rooms jointly, and walks extended from the foot of the stairs south to the outbuildings of the plaintiff, and north to those of Boyer & Barnes. On the rear of their respective lots were their coalhouses and privies, and access thereto from these rooms was through the rear door down the rear stairs. After the purchase of the building by the defendant he designed a change in the use of his upper rooms, and removed

the rear stairs, and commenced changes having in view closing the hall eighty feet from the front of the building, and extending his own building twenty feet farther to the alley. The plaintiff claims that the effect of such a change wo·ld be to cut off his means of ingress and egress at the rear of his building, and deprive him of light and air in the hall to his great damage, and this proceeding is to obtain an injunction, to restrain the defendant. Other facts may be noticed in the opinion. The district court refused the injunction, and from its order the plaintiff appeals.—*Reversed.*

*John F. & W. R. Lacey*, for appellant.

*John O. Malcolm* and *Se·ers & Seevers*, for appellee.

GRANGER, J.—The contention in this case is mainly upon a construction of the contract. That the change contemplated will close to the plaintiff the door at the rear of the hall is not questioned; in fact the gist of the controversy is, as to his right to such door or the use thereof. If a proper construction of the contract entitles the plaintiff to the use of a door for access to his rooms from the rear of his building, it must of course follow that he may have the necessary approach or stairway for that purpose, and the use of the hall to the door. It is the claim of the appellant that the contract, as understood by the parties to it, gave to him the use of the entire length of the hall, whatever it might be, and the use of a door at the rear end. On the other hand i[t] is appellee's claim that the original intention was to construct the buildings eighty feet long, with a door at the rear end of the hall, and that the contract thus understood is a limitation upon the right of the plaintiff beyond the eighty feet. It may be well to a fair understanding to treat the case upon the theory that the contract was made with a view to make the buildings eighty feet long, as there is certainly some ground for

1. EASEMENT: violation of: injunction.

such an assumption as to the upper stories. Then, with that assumption, what would have been the rights of the plaintiff as to the door in the rear of the hall? The appellee, in argument, makes this statement: "The door provided for in the contract was for Boyer & Barnes' benefit, and not for Price's, as it opened out upon their ground exclusively. The appellant might object to a door in rear end of the hall, and in that way obstruct Boyer & Barnes, or their grantee, from access to their lot from the second story; so this provision was incorporated into the contract for that purpose, and that alone."

The language of the contract is inapt for the purpose claimed. The appellee's construction is but the reservation of a right as to the door. The language of the contract imposes an obligation. Viewed abstractly, it plainly imparts an undertaking to construct a stairway and a hall with a door at the rear end. If, then, the appellee's construction is to obtain, the intention of the parties must be gathered outside the letter of the contract. The buildings, with no other contract than the one in question, were made one hundred feet long with a hall the entire length, and a door at the rear end. From the time both buildings were completed, both parties used the hall the entire length with the rear door, and the stairs leading thereto jointly, and continued such use as long as the same parties owned their respective buildings. In addition to this the plaintiff constructed a walk from the foot of the stairs to his outbuildings on his own lot, without asking the privilege from Boyer & Barnes, and without objection by them. This was all done with no other contract or understanding than the one in question. It may be fairly assumed that Boyer & Barnes understood before building how the upper part of their building was to be used, and the facts of the case justify the conclusion that this access to the rear of the building was necessary to the proper and convenient use of their rooms. Such necessity was equally apparent for such a use of the rooms of the

plaintiff, and he was contracting for an easement in the property of Boyer & Barnes for the use of his rooms. The hallway is an easement. His right to its use is unquestioned. Let us for a moment suppose, with the letter of the contract as it now is, that the front doorway opened on the lot of Boyer & Barnes, and that from 1875 to 1889 the plaintiff's access to the stairway was through the door leading thereto, as it has been. Would the court hesitate to say that such right was contemplated by the contract of the parties? The necessity and justness of such a holding, with that state of facts, would be apparent. The justness of such a rule in the case at bar is not as apparent, because the necessity is less imperative, but it brings us to a proper line of thought by which to reach a conclusion. It shows that some rights are taken by intendment, and that the intention may be known by the purposes of the grant, and its treatment by the parties to it. The plaintiff, as we hold, contracted for a door. It is not to be of any particular kind, although the record shows it is made in part of glass to admit light. The ordinary use of a door is to pass in and out, and without some advice showing otherwise it is certainly reasonable to suppose the appellant desired it for that purpose, and especially so in view of the kind of occupancy of his rooms. The door without a means of exit would, as said in argument, be a "barren right," and evidently not the purpose of either party. The door is a part of the hall, and on the land of Boyer & Barnes, and its use, as a door, could only be by stepping out on their lot, and the right to do so must be considered a part of the easement granted.

Mr. W. R. Barnes of the firm of Boyer & Barnes, in his affidavit in the case, says the rear stairway was erected by Boyer & Barnes for their own use and benefit, and any use thereof by the plaintiff was by sufferance only; but he only gives his understanding of the contract, for it is clear that no words as to the right ever passed, other than the written contract. Mr. Boyer, the other partner, and the business manager of

the firm from 1878 to 1888, also made his affidavit, stating the particulars as to the joint use of the hall door and stairway; but without the statement that the use by the plaintiff of any part was by sufferance, and without a word of dispute as to his right so to do. There is also a statement by Mr. Barnes that the stairs and the hallway west of the eighty feet were made at the expense of Boyer & Barnes, and that the plaintiff has never paid any part of the costs of construction, nor has he contributed to keep the same in repair. That is true as to the construction, but the record shows that no important repairs were ever made. One glass from the transom was broken, and it is uncertain whether it was ever replaced. Mr. Boyer says that some painting and minor repairs were made by his firm, but nothing was ever asked of the plaintiff therefor, and he says that the plaintiff, when painting his roof, painted that over the hall, and no account was made of that. To our minds the showing by the record is, that as originally designed,—that is, the hall eighty feet in length, with a door in the rear,—the plaintiff had the right of passage in and out by a stairway.

What then are the rights of the defendant, as to extending the hall? The right to extend the hall is not questioned in this case, but it is insisted that it must not be done at a sacrifice to the plaintiff of the use of a door and stairway, and we doubt if such right will be claimed with our view of the law as to the plaintiff's right under the contract. The added length of the hall originally was at the election of Boyer & Barnes. But with the added length they made no question of the right of the plaintiff to a joint use of the entire hall. If the hall is farther extended it must be with a preservation of the rights of the plaintiff. Some importance is attached to the fact that the plaintiff paid for no part of the added length. But such added length was not at his instance, nor any claim ever made upon him for it. He paid according to the contract, and is asking only for what he is entitled to under the contract. He contracted for the use of a door at the end of the hall. The

right of passage in the hall is essential to his right of use, and follows it. To place the door midway in the hall, at the end of the eighty feet, would not comply with the terms of the contract. Our views as to the construction of the contract have support in the following cases: *Gaveny v. Hinton*, 2 G. Greene, 344; *Foley v. Kane*, 53 Iowa, 64; *Karmuller v. Krotz*, 18 Iowa, 352; *Thompson v. Miner*, 30 Iowa, 386. Counsel ask us to reverse the facts, and suppose the appellant desired to extend his building, and the appellee not, could the appellant compel the appellee to extend the hall as far as he might build? We think not. Boyer & Barnes agreed to make a hall no more than eighty feet in length. The plaintiff cannot add to their obligations by any changes he may make. Nor could they by any changes defeat his rights under the contract.

II. It is said that the case must be affirmed for the reason that it is not averred in the petition, nor proven on trial, that the threatened injury is irreparable, nor that defendant is insolvent. The defect, if it be one, was apparent on the face of the petition. No demurrer was filed, and the objection is waived. Code, sec. 2650; *Young v. Broadbent*, 23 Iowa, 539; *Smith & Co. v. McLean*, 24 Iowa, 322; *Kendig v. Overhulser*, 58 Iowa, 195.

2. ——: ——: temporary injunction: damage: pleading.

The action of the district court in refusing the injunction is REVERSED.

SUPPLEMENTAL OPINION.

THURSDAY, FEBRUARY 5, 1891.

GRANGER, J.—A petition for a rehearing brings in question the correctness of the holding in the "concluding paragraph of the opinion" on the ground that the rule there announced has never been applied to a proceeding where the injury was only as to the issuing of a temporary injunction. Inasmuch as the point has not been argued

3. PLEADING: damages: temporary injunction.

by the appellee, we deem it advisable to dispose of that branch of the case on another ground, and to say that the rule there announced will not be regarded as authoritative.

The point on which a rehearing is asked is that it is not averred in the petition, nor proven on the trial, that the threatened injury is irreparable, or the defendant insolvent. It is true that neither of such averments appears in the petition in the precise terms stated, nor do we think it important that they should. It is, however, averred in the petition that the threatened or contemplated acts of the defendant, if done, will greatly damage plaintiff, and the proofs fully support the allegation. This will appear by a reference to the statement of facts and the reasoning in the first division of the opinion. In Code, section 3388, it is provided that a temporary writ of injunction may issue "where it appears by the petition therefor * * * that the plaintiff is entitled to the relief demanded ; and such relief, or any part thereof, consists in restraining the commission or continuance of some act which would produce great or irreparable injury to the plaintiff." It thus appears that the plaintiff has brought himself clearly within the provision of the statute, for the injunction may issue where the injury will be great or irreparable. We are cited to the cases of *City of Council Bluffs v. Stewart*, 51 Iowa, 385, and *Bolton v. McShane*, 67 Iowa, 207, in support of appellee's theory, but they are not authority for such a holding. In the former case the point determined is that a court of equity will not interfere by injunction where the party has a plain, speedy and adequate remedy at law, which is not a question in this case. In the latter case no reference is made to a temporary writ, which is the question we are dealing with, and is especially controlled by the section of the Code cited. Whether, upon final hearing, the injunction should be made permanent is a question not involved in this appeal, and in no way determined.

The petition for a rehearing is OVERRULED.