## AMERICAN MISSIONARY ASSOCIATION v. SMITH.

1. **Tax Sale:** SERVICE OF NOTICE TO REDEEM: STATUTE CONSTRUED. The affidavit required by section 894 of the Code, to perfect the service of the notice therein prescribed of the expiration of the time for the redemption of land sold for taxes, must be signed and verified by the holder of the certificate of purchase, his agent or attorney. An affidavit made by one of the proprietors of the paper in which the notice was published, *held* insufficient to cut off the right of redemption.

*Appeal from Polk Circuit Court.*

SATURDAY, OCTOBER 21.

THIS is an action in equity to quiet title to certain land. The defendant claims the land under a tax deed. The plaintiff claims that the land was not subject to taxation for the year for which it was sold, and that no sufficient notice was given of the expiration of the time of redemption, and no sufficient affidavit was made of the service of the notice. The court found that the defendant failed to serve the proper notice prescribed by law, prior to the taking of the deed, and that the land is still subject to redemption. The court adjudged that the plaintiff may redeem said land from the sale by paying for the use of defendant the sum of $45.34, which sum the plaintiff thereupon paid into court for the use of defendant. The defendant appeals. The material facts are stated in the opinion.

*Crom. Bowen,* for appellant.

*Sickmon & Barclag,* for appellee.

DAY, J.—The cause was submitted to the court below upon an agreed statement of facts. In the view which we take of the case, we deem it necessary to set forth only the facts pertaining to the notice of the expiration of the period of redemption, and the affidavit required in section 894 of the Code.

The land was assessed for the years 1873 and 1874 to Edgar Ketchum, treasurer American Missionary Association. For 1875 and 1876 the land was assessed to Edward Ketchum, treasurer American Missionary Association. For the years 1877 and 1878 the land was assessed to Edward Ketchum, president American Misssionary Association. The defend-ant claims the land under a sale for the taxes of 1874. The notice and affidavit ran as follows:

"*To Edgar Ketchum and others:* "You are hereby notified that on the 21st day of October, 1875, the following property was sold for the taxes for the year 1874. * * * * That the same was purchased by E. W. Smith, and duly assigned to Scott E. Smith, and that the right of redemtion will expire, and a deed for said land be made, unless redemption from such sale be made within ninety days from the completed service hereof. Dated at Des Moines, this 30th day of August, 1878.            SCOTT E. SMITH,
                            Owner of Certificate."

John G. Blair, being sworn, says: "That he is one of the proprietors of the *Iowa State Journal,* a newspaper published in Des Moines, Polk county, Iowa, and that the notice of which the annexed is a printed copy was published in said *State Journal* three consecutive weeks, the first publication being upon the 12th day of September, A. D. 1878, and the last on the 26th day of September, 1878. JOHN G. BLAIR."

Section 894 of the Code provides as follows: "After the

expiration of two years and nine months after the date of sale of the land for taxes, the lawful holder of the certificate of purchase may cause to be served upon the person in possession of such land or town lot, and also upon the person in whose name the same is taxed, a notice, signed by him, his agent or attorney, stating the date of sale, the description of the land or town lot sold, the name of the purchaser, and that the right of redemption will expire, and a deed for said land be made, unless redemption from such sale be made within ninety days from the completed service thereof. * * * * * * Service shall be deemed completed when an affidavit of the service of said notice, and of the particular mode thereof, duly signed and verified by the holder of the certificate of purchase, his agent or attorney, shall have been filed with the treasurer authorized to execute the tax deed." This statute clearly fixes the time when the proper affidavit of the holder of the certificate of purchase, his agent or attorney is filed, as the commencement of the period of ninety days within which redemption must be made.

The statute requires the affidavit to be signed and verified by the holder of the certificate, his agent or attorney. The provision is statutory, and it is imperative. Until the statute is complied with, the statutory period of redemption cannot expire. Doubtless the affidavit of some other person, cognizant of these facts, would be just as efficacious in imparting information to the treasurer of the time when, and manner in which, notice was given. But no other person is authorized to make the affidavit. We are not authorized to say that the affidavit of some other person may be substituted because it would be as efficacious, nor are we called upon to assign any reason why the authority to make the affidavit should be limited to the owner, his agent or attorney.

When the provisions of the statute are plain and unambiguous, it is sufficient to say *ita lex scripta est.* The affidavit in this case was made by one of the proprietors of the paper in which the notice was published, and not by the owner of the

certificate, his agent or attorney.    It was therefore insufficient under the statute, and the plaintiff is still entitled to redeem from the tax sale.    The judgment of the court below is

AFFIRMED.