## CHAMBERS v. HADDOCK.

1. **Tax Sale and Deed:** AFFIDAVIT BY AGENT OF PURCHASER: PUB-
LISHER OF NOTICE IS NOT AGENT. The mere request of a purchaser at
tax sale, made to the foreman of the newspaper in which notice of the
expiration of the time for redemption is published, to make affidavit to
the fact of such publication and return it to the treasurer, does not con-
stitute such foreman an agent of the purchaser within the meaning of
section .894 of the Code. See *Am. Miss. Asso. v. Smith,* 59 Iowa, 704. .

2. ———: DEED WITHOUT NOTICE. When land sold for taxes is taxed to
an unknown owner, and no one is in possession of it, it is not necessary
to serve notice of the expiration of the period for redemption upon any
one, in order to make a tax deed therefor valid. *Fuller v. Armstrong,*
53 Iowa, 683, and *Tuttle v. Griffin, ante,* p. 455, followed.

3. ———: PRESUMPTION IN FAVOR OF DEED: TO WHAT IT EXTENDS.
Where it is admitted, in an action to set aside a tax deed, that the land
was unoccupied, and the record is silent on the question as to whether it
was taxed to any person, it must be presumed from the treasurer's deed
that it was taxed as unknown—such deed being *prima facie* evidence
of the regularity of all proceedings anterior to its execution. See *Ful-
ler v. Armstrang, supra.*

*Appeal from Adair District Court.*

WEDNESDAY, OCTOBER 22.

THIS action was brought by plaintiff to establish his right
to redeem certain lands from a tax sale. The case was sub-
mitted on an agreed statement of facts. The judgment was
for plaintiff, and defendant appeals.

*Gow & Hager,* for appellant.

*J. G. Culver,* for appellee.

REED, J.—The following facts are established by the agreed
statement on which the case was submitted: If the land in ques-
tion is subject to redemption from the tax sale, plaintiff has
such interest in it as entitles him to redeem. The land was sold
November 1, 1875, for the taxes of 1874, and one James G.
Berryhill was the purchaser thereof. On the fifth of Septem-
ber, 1878, Berryhill caused notice to be published in a news-

paper published in Adair county, addressed to Jacob Doup, notifying him that the period for redeeming said land from said sale would expire in ninety days from that date, and that a deed would then be executed, unless redemption was made in the mean time. At the time he caused this notice to be published, he requested the foreman of the newspaper in which the publication was made to make affidavit to the fact of publication, and file such affidavit with the county treasurer; and said foreman made and filed such affidavit in pursuance of such request, and no other proof of the service of such notice was ever made or filed with the treasurer. The land, at the time the notice was published, was uncultivated prairie land, and was not in the actual possession or occupancy of any person. On the sixth day of January, 1876, Berryhill returned the certificate of purchase to the county treasurer and demanded a deed, and the treasurer thereupon executed and delivered to him a deed, which is in proper form, and which on the same day was recorded in the office of the recorder of deeds of the county; and since that date Berryhill has conveyed the land by quit-claim to defendant.

Plaintiff's position is, that the mere verbal request of Berryhill to the foreman of the newspaper, under which the latter acted in making and filing the affidavit, did not constitute him an agent within the meaning of the statute, (Code, § 894,) and, hence, as the treasurer did not have in his office any competent evidence of the service of the notice, he had no authority to execute the deed, and it is void. And we think this conclusion would be inevitable under our holding in the case of *The American Missionary Association v. Smith*, 59 Iowa, 704, if, upon the record before us, we should determine that the case is one in which a notice of the expiration of the period of redemption was required. The statute requires that the proof of the service, in cases where it is made by publication, be made by the affidavit of the then holder of the certificate, or his agent, (Code, § 894,) and we held in the case just cited that no other person is competent

to make the proof. And we are very clear that the mere request of Berryhill to the foreman of the newspaper, to make the affidavit and return it to the treasurer, did not constitute him an agent for Berryhill within the meaning of the statute.

But it was held in *Fuller v. Armstrong*, 53 Iowa, 683, and *Tuttle v. Griffin*, *ante*, p. 455, that when the land was taxed as unknown, and no person was in the occupancy of it, it was not necessary to serve notice on any person of the expiration of the period for redemption.

It is also held in the former case that, as the deed is *prima facie* evidence of the regularity of all proceedings anterior to its execution, in the absence of proof that the land was occupied or taxed to some person, it will be presumed that the facts were such as that service of such notice was not required.

These holdings, we think, are conclusive of the case before us. Plaintiff admits that the land was unoccupied, and the record is silent on the question whether it was taxed to any person. The presumption, then, is that it was taxed as unknown. Hence, notice of the expiration of the period for redemption was not required to be served, and it is entirely immaterial that the proof of service on said Doup was not made by the affidavit of a person competent to make it.

The judgment of the district court is, therefore,

REVERSED.

