Sweeley v. Van Steenburgh.

---

SWEELEY v. VAN STEENBURG. (Two Cases.)

1. **Tax Sale and Deed:** NOTICE TO REDEEM: PROOF OF SERVICE. The service by publication of a notice to redeem from a tax sale cannot be proved by the affidavit of the publisher of the newspaper in which it was published; and a tax deed issued on such proof alone is invalid.

2. **Judgment:** ON NOTICE BY PUBLICATION AGAINST NON-RESIDENT: WHAT NECESSARY TO VALIDITY. Where an original notice to a non-resident defendant is given by publication according to law, a judgment thereon will be valid, if the defendant is in fact a non-resident, and the action relates to some of the interests enumerated in sub-division 6 of § 2618 of the Code, and the record shows the publication of the notice. It is not necessary that the fact of non-residence be proved, nor that the record show the determination of such fact. (Compare *Newcomb v. Dewey*, 27 Iowa, 381.) Decisions under former statutes distinguished.

*Appeal from Dickinson District Court.*

MONDAY, DECEMBER 21, 1885.

THESE causes involve the same questions, and may be disposed of in one opinion. They are equitable actions, and the relief demanded in each cause is the setting aside of a judgment of the circuit court of Dickinson county, by which the title to a tract of land is quieted in defendant; also the cancellation of a tax deed to said land, and the establishment of plaintiff's right to redeem the same from tax sale. The circuit court granted the relief demanded. Defendant appeals.

*Bailey, Osborne & Peters*, for appellant.

*M. H. Baugh*, for appellee.

REED, J.—The lands in question were sold for delinquent taxes at the annual tax sale which took place in October, 1876, and defendant was the purchaser. At the time of this sale the tract involved in one of the actions belonged to John Krohne, and that involved in the other case to James M. Maupin. After the expiration of two years and nine months from the date of the sale, defendant caused notices to be served on said Krohne and Maupin, by publication in a newspaper published in the county, of the time when the right of redemption would expire. The lands were unoccupied and unimproved, and were taxed to said Krohne and Maupin. The only proof of the service of the notice which was filed in the office of the county treasurer was the affidavit of the publisher of the newspaper in which the notices were published. The treasurer, however, executed to defendant deeds of the land, and he subsequently instituted suits in the circuit court against said John Krohne and James M. Maupin to quiet his title to said lands, and judgments were entered in said actions quieting and confirming his title thereto. After these judgments were entered, plaintiff obtained conveyance of the land (by quitclaim) from Krohne and Maupin. The facts with reference to the proof of service of the notice to redeem

1. TAX sale and deed: notice to redeem: proof of service.

from the tax sale are similar to those in *American Mission-ary Ass'n v. Smith*, 59 Iowa, 704, and under the doctrine of that case plaintiff is now entitled to redeem the land, unless this right is barred by the judgments quieting the title to the property in defendant.

It is alleged in the petition that the judgments are void and of no effect, for the reason "that the only attempt to serve the defendants in said actions with notice was a pretended service by publication; that no such service was ever had as is required by law; that no proof of service of the orig-inal notice in said actions upon the defendants therein was ever offered or introduced to said circuit court, or the judge thereof, or filed with or made a part of the records in said causes, or that the defendant therein had ever appeared, had ever been served with notice, or had any knowledge of the pendency of said causes."

2. JUDGMENT: on notice by publication against non-resident: what neces-sary to va-lidity.

It is proved that said Krohne and Maupin are, and always have been, non-residents of this state. It is also shown that original notices, in the ordinary form, directed to them, were published in a newspaper published in the county, and that the affidavits of the publisher of said newspaper, showing the fact of such publication, were filed in the causes; also that, before such publications were made, the plaintiff in the actions (defendant in this) filed his own affidavits, in which he swore that personal service of the original notices in the actions could not be made on the defendants therein within this state. There was no appearance for the defendants in the actions, but the judgments were entered by default. It is recited in each of the judgments that it was made to appear to the court that the defendant therein had been duly and legally served with notice of the pendency of the action. It is admitted that this finding is based solely on the evidence contained in said affidavits, and that they contain the only showing, with reference to the service of the original notices, which was made or filed in the causes. Appellee's position

is that the non-residence of the defendants in the actions is a jurisdictional fact, and unless that fact was shown, and made a matter of record in the proceedings, the judgments are void; and he contends that it is not shown, either by the judgment entries or the affidavits on file in the causes, that that fact was established. It is provided by section 2618 of the Code that "service may be made by publication, when an affidavit is filed that personal service cannot be made on the defendant within this state, in either of the following cases: * * * (6) In actions which relate to, or the subject of which is, real or personal property in this state, when any defendant has or claims a lien or interest, actual or contingent therein, or the relief demanded consists wholly or partly in excluding him from any interest therein, and such defendant is a non-resident of this state, or a foreign corporation, * * *" Under this provision two conditions must exist in order to give the court jurisdiction to enter a judgment against a defendant who has been served by publication: (1) The action must relate to some of the interests enumerated in the provision; and (2) the defendant must be a non-resident of the state or a foreign corporation. Each of these conditions did in fact exist at the time the judgments in question were entered. The question in the case is whether they are invalidated by the fact that the existence of one of these conditions is not shown by the record of the causes in which they were entered.

Counsel for appellee rely upon *Broghill v. Lash*, 3 G. Greene, 357; *Lot 2 v. Swetland*, 4 G. Greene, 465; *Abell v. Cross*, 17 Iowa, 171; *Bradley v. Jamison*, 46 Id., 68; and *Bardsley v. Hines*, 33 Id., 157,—as sustaining the position that the judgments are void, because the fact of the non-residence of the defendants is not shown by the record. Each of these cases, however, arose under statutes containing provisions very different from those of section 2618. Some of them arose under section 1826, of the Code of 1851, while others arose under chapter 240 of the Acts of

the Sixth General Assembly. Section 1826 of the Code of 1851 provided that when the service was by publication, and no appearance was had, default should not be entered until proof was made that a copy of the petition and notice had been sent to the defendant, through the post-office, at his usual place of residence, in sufficient time for his appearance; or that such residence was unknown to plaintiff or his attorney, and could not, with reasonable diligence, be ascertained. And chapter 240, Acts of the Sixth General Assembly, provided that service by publication might be made on the order of the court, or of a judge of the district or county court, and that such order might be made upon a showing by affidavit, to the satisfaction of the court or judge, that the persons upon whom the service was sought to be made could not be found within the state, and that he was a proper party to the action, or that a cause of action existed against him. And the holding in the cases arising under the former statute is that judgments rendered on default on service by publication were void, unless it was shown by the record that the proof, with reference to the sending of the copy of the petition and notice to the defendant, or of the inability of plaintiff to ascertain his place of residence, had been made; while the holding in the cases arising under the other statute is that such judgments are void unless it is shown by the record that the service by publication was made upon the order of a tribunal or officer having authority, under the statute, to order that it be so made, and that such order was made upon a showing made, in the manner prescribed by the statute, of the facts which the statute required to be shown. Each of the statutes required that certain acts should be done in a prescribed manner, in order to confer upon the court jurisdiction to pronounce the judgment; and the holding of the cases is that the judgments are not valid unless it is shown by the record that the acts essential to the jurisdiction of the court were done in the manner prescribed. Under section 2618, however, the only act which is required

to be done is the publication of the notice in the manner and for the length of time prescribed by law. When that act is done, the question whether the court has jurisdiction depends upon whether the two conditions named above exist or not. Under the rule established by the cases, the fact of the publication of the notice must be shown by the record, or the judgment is void.

But they establish no rule as to the effect of the failure of the record to show the fact of the non-residence of the defendant. In *Taylor v. Ormsby*, 66 Iowa, 109, we held that while this is a jurisdictional fact, it need not be shown by the affidavit for authority to make service by publication. We now go farther, and hold that if the defendant was in fact a non-resident of the state, and the action relates to some of the interests enumerated in subdivision 6, quoted above, and the record shows the publication of the notice, the judgment is valid, even though the fact of non-residence was in no manner shown in the proceeding in which it was rendered; and the reason upon which we base this holding is that by the statute it is the fact of the non-residence of the defendant, and not the proof of that fact, which confers jurisdiction upon the court. In determining whether the court had jurisdiction in any such case, the inquiry must be whether the fact existed, and not whether its existence was proven before the judgment was rendered. The principle on which the decision rests is similar to that announced in *Newcomb v. Dewey*, 27 Iowa, 381. We think, therefore, that the rights of the parties are determined by the judgments obtained by defendant against Krohne and Maupin. The judgments will accordingly be

REVERSED.