## SCROGGS v. GARVER.

1. **Tax Deed:** ACTION TO CANCEL: STATUTE OF LIMITATION. One who relies on the statute of limitations (Code, § 902) to avoid the cancellation of an invalid tax deed must show that the deed has been recorded, because, until recorded, the statute does not begin to run in its favor.

*Appeal from Polk Circuit Court.*

SATURDAY, OCTOBER 23.

ACTION in equity to set aside a tax deed and to redeem. Decree for the plaintiff, and the defendant appeals.

*C. P. Holmes,* for appellant.

*T. F. Stevenson,* for appellee.

SEEVERS, J.—The plaintiff is the owner of the patent title to the land in controversy; and the defendant, the tax title. The plaintiff asks that the tax title be set aside, and that he be permitted to redeem. The defendant pleads and relies

upon the statute of limitations. Following *American Mis-sionary Ass'n v. Smith*, 59 Iowa, 704, the tax title is invalid, ana the right to redeem exists. This counsel for the appellee concedes, but insists that this action is barred. The statute provides that no action for the recovery of real estate shall lie, unless the same be brought within five years after the treas-urer's deed is executed and recorded. Code, § 902. There is no evidence tending to show that the deed ever has been recorded, and therefore the statute has not begun to run. The defendant pleaded the statute, and the burden is on him to show that the deed is recorded, and, as he has failed to do this, the result is that the judgment of the circuit court must be

AFFIRMED.