## BABCOCK *et al* v. BONEBRAKE *et al.*

1. **Tax Sale:** DELINQUENT TAX NOT BROUGHT FORWARD : WHEN NOT REQUIRED. Under section 845 of the Code, a sale of land for taxes of a prior year is invalid if the delinquent tax is not entered by the treasurer on the tax book of the year in which the sale is made. But the rule does not apply to a case where the treasurer has not, at the time of making the sale, received the tax books from the auditor for the year of the sale. And in this case, where the treasurer received the tax books on the day of the sale, but it *is not shown that he received them before the sale had been made,* and it appears that the books for some of the townships were in the auditor's hands after the sale had closed, *held* (in view of the presumption which must be indulged that an officer has done his duty) that the tax sale could not be regarded as invalid for the failure of the treasurer to comply with the statute in this respect.

2. —— : NOTICE TO REDEEM : AMENDED PROOF OF SERVICE : WHEN AND BY WHOM MADE. Where the purchaser of land at tax sale gave due and timely notice to redeem, but the proof thereof which he filed in the treasurer's office was defective, but he received a treasurer's deed for the land, and afterwards quitclaimed it, and it passed through several parties to W,, it having in the meantime been improved and occupied by the grantees of the purchaser, but the purchaser never at any time assigned the certificate of purchase, *held* that, under section 894 of the Code, he was the proper person, though he had conveyed the land, to file proper proof of the service of the notice to redeem, which had been originally given, and to receive a new treasurer's deed for the land. Especially is it so held where W. and all the grantors in her chain of title, including the tax purchaser, join in asking that their tax title be confirmed as against the claimant under the patent title. (Compare *Rice v. Bates,* 68 Iowa, 393.)

3. ——— : ——— : IMPERFECT PROOF OF SERVICE : DEFECT CURED : PRIOR OCCUPANCY UNDER INVALID DEED : RENTS AND PROFITS : EQUITIES. Where there was due and timely notice to redeem from a tax sale, but imperfect proof of the service of such notice, but a deed was made to the purchaser, and his grantees took possession and cultivated and improved the land for some years, and meanwhile legal proof of the service of the notice was filed, and no redemption was made within ninety days thereafter, and a new deed was made by the treasurer upon such proof, and, only a few weeks prior to the time when the tax title would have been perfected by the statute of limitations, plaintiffs brought this action to redeem, *held* that their right was cut off by their failure to redeem under the second proof of service (*Long v. Smith*, 62 Iowa, 331), and that they could not claim that redemption had before that been made in equity by the rents and profits of the land which had been enjoyed by the holders under the tax title—the rental value of the premises having been created almost wholly by the improvements which they had made.

*Appeal from Carroll District Court.* — Hon. J. P. Conner, Judge.

### Filed, May 27, 1889.

Action in equity to set aside certain tax deeds for the land described in the petition, to establish in plaintiffs a right to redeem from tax sales, and for other relief. The petition of plaintiffs was dismissed by the district court, after a hearing on the merits, and plaintiffs appeal.

*J. W. Bull* and *H. S. Fisher*, for appellants.

*Geo. W. Paine* and *O. H. Manning*, for appellees.

Robinson, J. —The land in controversy was sold on the fourth day of November, 1878, to P. J. Bonebrake, for the delinquent taxes of 1877. No redemption from the tax sales having been made, tax deeds for the land were issued to Bonebrake on the sixteenth day of December, 1881, and were recorded on the following day. Notice of the expiration of the time of redemption was duly given, but no sufficient proof of such notice was filed in the treasurer's office, although proof admitted by the parties to be defective was in fact filed after the expiration of two years and nine months from the time of

the sales, and more than ninety days before the deeds were executed. Prior to May, 1882, the land was uncultivated prairie land, and not occupied by, nor in the actual possession of, any one. After the tax deeds were recorded, Bonebrake executed to O. H. Manning a quitclaim deed for the land. In May, 1882, Manning conveyed the land to Nelson Seyller, who took actual possession of it, and broke during that season one hundred and eighty-five acres, and in the following December conveyed the land to R. P. Wilson. The land was cultivated by Wilson during the years 1883, 1884 and 1885, and during the two years first named he made improvements thereon of the value of eighteen hundred and forty-five dollars. In December, 1885, he conveyed the land to Maggie E. Wilson, who is still in possession of it, under claim of ownership. On the tenth day of February, 1885, Manning, as the agent of Bonebrake, made and filed, in the proper treasurer's office, affidavits showing due service of notice of the expiration of the time for redemption, given in August, 1881. On the twenty-second day of December, 1887, and more than a year after the commencement of this action, new treasurer's deeds were issued to Bonebrake on the sale of 1878. Plaintiffs are the owners of the land, unless their title was extinguished by virtue of the tax sales and the proceedings thereunder.

I. It appears that the tax book for the year 1878 was received by the treasurer of Carroll county on the day of the sale in question, and that it did not show that the tax of 1877 was delinquent when the sale was made. It is not shown that the tax book was in the hands of the treasurer when the land was sold. Section 845 of the Code required him to enter in the tax book, in the place and manner pointed out, the year for which the taxes on any tract of land are then delinquent. We must presume, until the contrary appears, that the treasurer discharged his duty in this case, and that the tax book was not in his possession when the sale was made. There was proof, also, which tended to

1. Tax sale: delinquent tax not brought forward: when not required.

show that the tax book for at least one township was in the hands of the auditor after the tax sale closed. If the tax book was in different parts, it is probable that all were delivered to the treasurer at the same time. The burden is on appellants to establish the alleged error, and they have failed to do so.

II.   It is contended by appellants that the first tax deeds did not confer any right to take possession of the premises in controversy, nor bar their right of redemption; that the conveyance by Bonebrake to Manning divested the former of all interest in the premises, and terminated his right to file the second proof of service; that competent proof of service of notice of the expiration of the right of redemption has never been filed ; and therefore that their right of redemption has not yet expired.   It is admitted that neither the tax-sale certificate, nor the records of the treasurer's office, show that any assignment of the certificates has been made. Bonebrake had "conveyed, confirmed and quitclaimed" the land before the second proof was filed, but he had made no formal assignment of the certificates of tax sale.   Under these circumstances, we think, he was authorized to make the proof in question.   If he was then the rightful holder of the certificates, he was authorized by statute to make the proof.   Code, sec. 894. If he was not such holder, it was competent for his grantees to authorize him to make the proof, or to ratify his act in making it, since it was for their benefit.   The vital matter was the service of notice, and the proof of such service was in its nature formal.   The case of *Rice v. Bates*, 68 Iowa, 393, held that under similar circumstances the tax-sale purchaser was the holder of the certificates, and as such authorized to make the proof, but we do not base our conclusions on that case.   The record shows that Maggie E. Wilson is the present owner of all title and interests conveyed by the tax sales and tax deeds, and of the improvements made on the premises since the first deeds were given, and that

2. ——:
notice to re-
deem: amend-
ed proof of
service : when
and by whom
made.

all the grantors in her chain of title, including Bone-brake, ask, in effect, that her title be confirmed. We are of the opinion that, under the circumstances of this case, the second service must be deemed sufficient.

III. The rental value of the premises from the time Seyller took possession to the expiration of the

3. ——:——:
imperfect
proof of
service: de-
fect cured:
prior occu-
pancy under
invalid deed:
rents and
profits: equi-
ties.

ninety days following the filing of the sec-ond proof was more than the amount required to redeem from the tax sales. It is claimed by appellants that the possession and use of the premises by defendants oper-ated as an equitable redemption from the tax sales. It is true that the title under

which possession of the premises was taken was defect-ive, but the defect was a matter of form, and not of substance. Due notice of the taking of the tax deeds had been given in fact, and, had there been a delay of less than three weeks in commencing this action, the title of the defendants would have been perfected by the bar of the statute. *Trulock v. Bentley*, 67 Iowa, 602 ; *Rice v. Haddock*, 70 Iowa, 319. The rental value in question seems to have been created almost wholly by their improvements. They occupied and improved the land in good faith, by virtue of tax deeds which were in due form, issued under a valid sale, and after due notice had been given. It is clear that the equities of the case are with appellees. The right of appellants to redeem expired ninety days after the filing of the second proof, and their interests in the premises were then terminated. *Long v. Smith*, 62 Iowa, 331, and cases therein cited. The defendant Maggie E. Wilson was in possession of the premises when this action was commenced. The title of her grantor was perfected as against appellants by their failure to redeem the land within the statutory period after the filing of the last proof of service, and she holds all the title he had acquired. For the purpose of this case it is not mate-rial to determine the necessity or effect of the second deeds. The appellants have failed to show themselves entitled to any relief. The judgment of the district court is therefore                    AFFIRMED.