C. W. STEVENS v. W. F. MURPHY *et al.*, Appellants.

Tax Deed: NOTICE TO TERMINATE REDEMPTION. A tax deed issued where the return of service of the notice to redeem does not purport to be verified by the certificate holder or his agent or attorney, and when the treasurer has no evidence on file to show that the party making the affidavit of service is such holder or his agent or attorney, is void. See Code, 894; *Babcock v. Bonebrake,* 77 Iowa, 710, 42 N. W. Rep. 559, *distinguished.*

*Appeal from Johnson District Court.*—HON. S. H. FAIRALL, Judge.

WEDNESDAY, MAY 23, 1894.

IN OCTOBER, 1884, the north half of lot 20, in block 1, in Berryhill's addition to Iowa City, was sold for taxes, and purchased by one J. W. Dvorsky, who assigned the certificate of sale to J. J. Novak on the tenth day of August, 1887. On the twenty-first day of December, 1887, the treasurer of Johnson county issued to Novak a deed, in pursuance of the sale for taxes; and by con-

veyances, defendant Murphy is now the owner of the title derived from such tax sale. With a view to terminating the period of redemption, J. J. Novak, on the twenty-third day of August, 1887, caused a notice to be served under the provisions of Code, section 894, and the proof of service of the notice is by an affidavit indorsed on the back thereof, as follows:

"State of Iowa, Johnson County. I, John J. Lorack, Jr., of said county, being duly sworn, do upon my oath depose and say that I received the within notice for service on the twentieth day of August, 1887, and that I served the same on E. G. Stevens, therein named, at the place, date, and in manner, as follows: At Iowa City, Iowa, on twenty-third day of August, 1887, by reading to him the within notice, and giving said E. G. Stevens a true copy thereof. John J. Lorack, Jr.

"Subscribed and sworn to before me by John J. Lorack, Jr., this twenty-third day of August, 1887. Max Otto, Clerk of the District Court in and for Johnson Co., Iowa."

The affiant, John J. Lorack, Jr., at the time of the service of the notice, was not in the employ of Novak, in any sense, except that he took the notice and made the service at the request of Novak, and received his pay for the service. On the fifteenth day of October, 1890, plaintiff brought this suit, asking that he be permitted to redeem from the sale for taxes, and that the tax deed be declared void. A trial was had upon issues joined, and the district court gave a decree for plaintiff, from which the defendants appealed.—*Affirmed.*

*Ranck & Wade* for appellants.

*Baker & Ball* for appellee.

GRANGER, C. J.—The issues of the case are such that if the return of service of the notice is sufficient,

the tax deed is valid. If not sufficient, the deed is
invalid, and the right of redemption still exists. It
should be noticed that nothing in the notice or return
shows, in any way, that Lorack was an agent or attor-
ney for Novak. No question is made as to the fact of
service of the notice, but merely as to the sufficiency of
the return thereto. It is provided that the period of
redemption shall not expire "until ninety days after the
service of said notice of the right of redemption." But
the service is not complete upon the mere fact of service
upon the party in one of the methods prescribed, which
are those for the service of an original notice; but, to
complete the service, the notice must be filed with the
treasurer, and there must be with it an affidavit showing
the particular mode of service, and it must be "signed
and verified by the holder of the certificate of purchase,
his agent or attorney." All of these facts are essential
to vest the treasurer with authority to execute a deed,
and the manner of the proof of the facts to give such
authority, is prescribed by the statute. The deed in this
case did not issue upon any showing that the service
was made by an agent or attorney. The treasurer could
no more assume such a fact than he could other impor-
tant facts required to appear in the return. It can be
said in this case, as it was in *Ellsworth v. Van Ort*, 67
Iowa, 222, 25 N. W. Rep. 142: "When the treasurer
executed the deed in question, then he had no compe-
tent evidence *on file in his office* that the notice had
been served." We italicize the words "on file in his
office" to more particularly indicate the proof that will
justify the execution of a deed. It is further said, in
the same connection, in that case: "And, in the ab-
sence of such evidence, we think he had no authority
to execute the deed." And, further, it is said: "The
service is not deemed complete until it is filed with the
treasurer." The holding in that case means that,
before the treasurer can issue the deed, all the facts

essential to the authority to do so shall appear in the files of his office. The fact that the proof of service was made by one authorized to make it, is claimed to be important. If it should be conceded, as it is claimed in this case, that Lorack was actually an agent for Novak, it could make no difference, for the fact only appears by oral proofs in this case. This view is aided to some extent by *Association v. Smith*, 59 Iowa, 704, 13 N. W. Rep. 849; *Sweeley v. Van Steenberg*, 69 Iowa, 696, 26 N. W. Rep. 78; and *Ellsworth v. Cordrey*, 63 Iowa, 675, 16 N. W. Rep. 211. There is nothing in *Babcock v. Bonebrake*, 77 Iowa, 710, 42 N. W. Rep. 559, not in harmony with the rule announced in this case. The judgment is AFFIRMED.