## HOLLISTER v. DONAHOE, Sheriff.

1. Comp. Laws, § 5522, provides that a jury which has determined any question of fact in a mandamus proceeding may also be ordered to fix plaintiff's damages, if any; and section 5527 provides that, if judgment be given for the plaintiff, he may recover the damages "as found by the jury." Plaintiff brought mandamus to compel · a sheriff to issue a deed to certain property, and it was determined on appeal that plaintiff was entitled to the deed. Held, that the lower court might submit the question of damages to a jury.

2. An order denying the application of plaintiff for the trial of the question of his damages in mandamus at the term of court held the month after the cause had been remanded from the supreme court recited that no note of issue or notice of trial had been served prior to the commencement of the term, but it did not affirmatively appear that this was the reason for denying the motion. Held, that it would be assumed that the application was denied in the exercise of the court's discretion, which will not be reviewed where no abuse was shown.

3. The plaintiff, in opening his evidence, introduced testimony, over the defendant's objections, as to the gross amount of rentals received from the premises for the period during which he was wrongfully deprived of possession by the defendant's refusal to issue a deed. The case was conducted on the theory that the amount of plaintiff's damages was this sum, added to any further amount which might have been obtained by reasonable diligence, and diminished by the cost of operating the premises. Held, that plaintiff was estopped from complaining of · · the theory on which the case was tried, since it was the only one consistent with the introduction of such evidence by him.

4. As plaintiff's damages arose from the breach of an obligation not arising in contract, the question of interest from the ending of the period during which he was deprived of possession to the date of the verdict was properly left with the jury, under Comp. Laws, § 4578, authorizing them to grant interest in such a case in their discretion.

(Opinion filed Oct. 7, 1902)

Appeal from circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge.

Mandamus by F. H. Hollister against Den Donahoe, as sheriff. From a judgment for damages in favor of plaintiff, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Davis, Lyon & Gates*, for appellant.

*A. B. Kittredge* and *C. P. Bates*, for respondent.

HANEY, P. J. This special proceeding was instituted to compel the issuing of a sheriff's deed, refused on the ground that the period of redemption had not expired. On appeal to this court, it was determined that the plaintiff was entitled to a deed on June 22, 1897. Hollister v. Donahoe, 11 S. D. 497, 78 N. W. 959. The cause having been remanded on October 17, 1899, the plaintiff, by leave of court, filed supplemental allegations alleging damages, which were answered by defendant. On November 20th the plaintiff's application to have his damages determined by the court or a referee was denied. On November 24th, the regular term being then in session, the plaintiff's motion to submit the assessment of damages to a jury at that term was denied. Subsequently the plaintiff filed a note of issue, alleging that the issue was one of fact to be tried by the court; and defendant filed a note of issue alleging that the issue was one of fact to be tried by a jury. At the regular April, 1900, term the issue of fact as to the amount of the plaintiff's damages was submitted to a jury, which returned a verdict in favor of the plaintiff for $350. Thereafter the plaintiff's application for a new trial was denied and this appeal was taken.

The contention that the court erred in submitting the issue as to the amount of damages to a jury is clearly untenable.

The question is not whether either party was entitled to a jury trial as a matter of right. It is simply whether the court was compelled to either try or refer such issue. There can be no doubt of the court's right to order the trial of the question of damages by jury. Such course in mandamus cases is expressly authorized by the statute (Comp. Laws, §§ 5522, 5527). While the order denying the plaintiff's application to have the proceeding tried during the regular November, 1899, term recites that no note of issue or notice of trial was served prior to the commencement of such term, it does not affirmatively appear that the court's refusal to try the case at that term was based upon the ground that a note of issue and notice of trial had not been served. It therefore should be assumed that the court, in the exercise of its discretion, declined to try the case at that time; and, as no abuse of discretion appears, its action will not be reversed. Where, as is usual in mandamus proceedings, the principal relief sought is to compel the performance of some act which the law especially enjoins as a duty resulting from an office, trust, or station, there should be as little delay as possible in conducting the proceedings; but where, as in the case at bar, the only remaining issue is the amount of damages, there is no reason for greater haste than in ordinary actions. The view we have taken renders it unnecessary to decide whether notes of issue and notices of trial are required under any circumstances in mandamus proceedings.

The premises involved consisted of certain buildings in Sioux Falls; one of them being a large office building, with an elevator, and requiring the services of employes to properly care for its occupants. It is conceded that plaintiff was deprived of possession from June 22 to October 21, 1897. It is

also conceded that the measure of his damages is the value of the use of the property during that period, the only controversy being as to the correct method of ascertaining the value of such use. It would appear that the evidence was received and the cause submitted to the jury on the theory that the rental value of the premises should be determined by adding to the amounts actually collected of tenants such sums as might have been collected for the use of other portions of the premises in the exercise of reasonable diligence to secure additional tenants and make collections, less the reasonable expense of operating the premises. We do not think this method should have been pursued, but the plaintiff is not in a position to complain, as he opened his case by introducing evidence, against the defendant's objections, showing the gross amount of moneys received during the period for which he was entitled to recover. We think the court, in ruling upon the introduction of evidence and in charging the jury, consistently followed the only proper method of ascertaining the amount of plaintiff's recovery, in view of the evidence offered by the plaintiff.

The plaintiff requested the court to charge the jury that they should add to the amount found to be due the plaintiff interest at 7 per cent. per annum from October 21, 1897, to the date of the verdict. This request was refused, and the jury instructed that they might add interest or not, in their discretion, at 7 per cent. from that date to the time of the trial. As the recovery was for the breach of an obligation not arising from contract, the allowance of interest was properly left to the discretion of the jury. Comp. Laws, § 4578.

The judgment is affirmed.