CARL CATTELL GRIMES, ET AL., Appellants, v. G. D. ELLY-
SON, Appellee.

**Taxation:** DEED: NOTICE: REDEMPTION. The provisions of statute
1   requiring that a notice of the expiration of the period of re-
demption from tax sale shall be served upon the person in
possession of the land and the one in whose name the land
is taxed prior to the issuance of a tax deed, are mandatory,
and where such notice was not addressed to the persons desig-
nated by the statute and service and proof thereof was not in
accordance therewith, a deed issued thereunder will be set
aside and redemption allowed.

**Redemption:** NOTICE: SERVICE. Service of notice of the period of
2   redemption from a tax sale, made upon the real owner of the
land, will not satisfy the statute; and the record of service as
established by the required affidavit cannot be affected by ex-
trinsic evidence.

**Evidence:** TRANSACTIONS WITH A DECEDENT. The holder of a tax
3   sale certificate cannot testify to an agreement between himself
and a deceased owner of the land respecting the title to be
acquired through a tax deed.

*Appeal from Polk District Court.*— HON. W. H. McHENRY,
Judge.

SATURDAY, DECEMBER 16, 1905.

REHEARING DENIED MARCH 20, 1906.

ACTION in equity to set aside a tax deed, and to redeem
the property in controversy from tax sale. There was a de-
cree in favor of the defendant, and the plaintiffs and E. F.
Grimes, intervener, appeal.— *Reversed.*

*C. W. Johnston* and *B. A. Younker,* for appellants.

*Dudley & Coffin,* for appellee.

BISHOP, J.— Jonathan W. Cattell died testate, in September, 1887, seised of eighty acres of land in Polk county, this state, being the lands in controversy, and described as the N. ½ of the N. E. ¼ of section 30, township 79, range 23. He left surviving him only his widow, Deborah Cattell, and Margaretta Grimes, a daughter by adoption, and who was at the time the wife of E. F. Grimes. The will of said Jonathan W. Cattell was duly admitted to probate. Some controversy has been indulged in by counsel for the respective parties to this case as to whether by the terms of the said will the widow, Deborah Cattell, took title to the real estate in question in fee simple, or, on the other hand, the devise to her was of a life estate, with remainder over to the daughter, Margaretta Grimes. For reasons that will be manifest as we proceed, we shall not undertake to decide the controversy thus presented. For the purposes of the case, however, we may acquiesce in the contention of counsel for appellee, and concede that Deborah Cattell took title under the will in fee.

Up to the time of the death of Jonathan W. Cattell the property was in the occupancy of himself and wife, and living with them was their said daughter, her husband, and children. After the death of Cattell the occupancy continued in his widow, and the daughter and her family, until March, 1894, when the daughter died intestate, leaving surviving her the said E. F. Grimes, her husband, and five minor children; the latter being the present plaintiffs, and the former the present intervener. Thereafter no change in occupancy occurred until in September, 1902, when Deborah Cattell died, also intestate. The property has ever since been occupied by the intervener and the plaintiffs, his children. It has been assessed and taxed at all times in the name of J. W. Cattell. It appears that in the year 1896 the said property had been allowed to go to tax sale, the certificate of sale being issued to one H. M. Rollins, who thereafter assigned the same to one W. O. Curtiss, and he, in

turn, assigned the same to defendant, Ellyson. In August, 1900, a treasurer's deed was executed and delivered to Ellyson. And this action is brought by plaintiffs, children of Margaretta as stated, and claiming title by inheritance, to set aside said deed and for permission to redeem. The defendant admits the testacy of Jonathan W. Cattell, denies the invalidity of the tax deed issued to him (defendant), and denies that plaintiffs have any interest in the property. In a cross-petition defendant asserts that under the will of J. W. Cattell, Deborah Cattell became vested with a title in fee to the property, and that he (defendant) procured to be assigned to him the certificate of tax sale, and thereafter procured to be executed the tax deed under which he now claims title in pursuance of an agreement had with said Deborah Cattell in her lifetime, by the terms of which title was to be perfected in defendant through the medium of a tax deed, and in consideration of which he was to pay and cancel certain indebtedness of said Deborah, furnish her with support during her lifetime, and pay the expenses of her last sickness and funeral. He alleges that he has paid considerable sums of money in fulfillment of said agreement, and is obligated to pay further sums, and that he has paid all delinquent and subsequent taxes on the property. Accordingly he prays that he may have a decree quieting his title, and that, if such be denied, then that the amount paid out by him be ascertained, and the same made a lien upon the property, paramount to any interest of the plaintiffs. Substantially the facts pleaded in the petition of plaintiffs are pleaded in the petition of intervention. The prayer thereof is that the rights of intervener as surviving husband of Margaretta Grimes, in the property, be established, and that his title be quieted as against defendant. It does not appear that plaintiffs were required to answer this petition, and it is apparent from the record that the court below did not consider the possible rights of plaintiffs and intervener as between themselves. In this state of the record, and in

view of the general conclusion upon the case reached by us, we need not give further consideration to such matter of intervention.

It will now be apparent that there can be no materiality in the question whether Deborah Cattell took title in fee or only a life estate under the will of her husband. If title in fee, the plaintiffs inherit directly from her; if a life estate, the plaintiffs inherit through their mother. And the character of plaintiffs as proper persons to redeem, if redemption shall be considered allowable, is the only matter of importance attached to the subject.

Accordingly we may proceed to inquire into the matters involved in the issuance of the tax deed, and make determination of the questions arising in respect thereto.

1. TAXATION: deed; notice; redemption.
The tax sale occurred on December 8, 1896, and no question is made as to the regularity thereof. On January 24, 1900, Deborah Cattell and E. F. Grimes accepted service of a notice addressed to them as individuals, and to them only, and which notice recited the fact of the tax sale and of the ownership on the part of G. D. Ellyson, by assignment, of the certificate, and "that the right of redemption from such sale will expire and a deed for the land be made unless redemption is made within ninety days from service thereof." The notice is signed: "Witter & Blair, Attorneys for Owner of Certificate." The acceptance of service which is indorsed on the notice reads thus: "We, Deborah Cattell and E. F. Grimes, being the parties owning said property since 1887, and the parties in possession of said premise do hereby accept due and legal service of the within notice this 24th day of January, 1900. [Signed] Deborah Cattell. E. F. Grimes." An affidavit by D. F. Witter of service of notice was made and filed, and presumably attached to the notice above referred to, although it does not so appear, stating in substance that he (said Witter) is one of the attorneys for G. D. Ellyson, the certificate owner, and describing the lands;

further, " That the within notice of expiration of time of redemption was duly served upon Deborah Cattell, the owner of said property under the last will and testament of J. W. Cattell, deceased, and upon Edwin F. Grimes, who is in possession of said property; said service being by acceptance, as shown by indorsement on said notice, on the 24th day of January, 1900. That the property described in said certificate has been taxed in the name of J. W. Cattell each year since his death, which occurred on or about the 25th day of September, 1887. That service could not be made upon the party in whose name it was last assessed for the reason above stated, but service has been made upon Deborah Cattell, the party owning said property, and upon Edwin F. Grimes, the party in possession."

There was also filed an affidavit of said Witter of publication of notice for tax deed, and which, omitting reference to the formal parts, recites in substance that he is attorney for G. D. Ellyson; that service of notice of expiration of time of redemption from tax sale " was served upon J. W. Cattell, the party in whose name the above-described property was last assessed, by publication in the ' Spirit of the West,' a newspaper published in Des Moines, Polk county, etc., for three consecutive weeks, the first publication being on February 14, and the last February 28, 1900, as shown by certificate of publication hereto attached, said J. W. Cattell being a non-resident of the county of Polk, state of Iowa." The notice, published as in said affidavit stated, is addressed as follows: " To J. W. Cattell (Party in Whose Name the Property Herein Described was Last Assessed)." It is signed: " G. D. Ellyson, Owner and Holder of the Certificate "— and gives notice of the tax sale on December 8, 1896, and that the sale was made to Rollins and the certificate assigned to Ellyson, and states that the right of redemption will expire and a deed issue unless redemption is made within 90 days. Attached, also, is an affidavit of the publisher of the Spirit of the West, stating the dates of

publication as in the affidavit of Witter. In this situation the tax deed was issued.

To summarize the situation, it will be observed (1) that the notice first referred to is not addressed to Jonathan W. Cattell, the person in whose name the lands were assessed; (2) that the acceptance of service of such notice by Deborah Cattell and Edwin F. Grimes does not state the place where service by acceptance was made, or at whose request or under whose direction service was made; (3) the affidavit of Witter, having relation to service of such notice, does not state the place where such service was made or under whose direction; (4) the affidavit of Witter to publication of notice to J. W. Cattell, as the person in whose name the land was last assessed, does not state by whose direction the service was made, and the affidavit was of publication of a notice to a man known to be dead, although classed as a nonresident of the county and state. Upon these matters is based the contention of plaintiff for the invalidity of the deed, and their right to redeem.

The things prerequisite to the issuance of a tax deed as found in the statute may be thus summarized: The holder of the certificate shall cause to be served upon the person in possession, and also upon the person in whose name the land is taxed, if such person resides in the county, in the manner provided for the service of original notices, a notice signed by him, his agent, or attorney, stating the date of the sale, etc. Service may be made upon nonresidents of the county by publication. " Service shall be complete only after an affidavit has been filed with the treasurer showing the making of the service, the manner thereof, the time when and place where made, and under whose direction the same was made; such affidavit to be made by the holder of the certificate or by his agent or attorney; . . . which affidavit shall be filed by the treasurer, . . . and the right of redemption shall not expire until ninety days after service is complete." Code, section 1441.

Taking the fact situation as we have set it out above, and applying thereto the statute in the light of our former decisions, the right of plaintiffs to have the tax deed set aside and to redeem becomes manifest. *Hillyer v. Farneman,* 65 Iowa, 227; *Bradley v. Brown,* 75 Iowa, 180; *Steele v. Murry,* 80 Iowa, 336; *Snell v. Railway,* 88 Iowa, 442; *Cornoy v. Wetmore,* 92 Iowa, 100; *Barcroft v. Mann,* 125 Iowa, 530; *Foy v. Houstman,* 128 Iowa, 220.

With one accord these cases hold that the provisions of statute are mandatory and absolute. In *Cornoy v. Wetmore* the lands were taxed to " Johnson, Lot M. & Wm." Personal service was had on Wm. Johnson of a notice addressed to him alone, and publication of notice was had as to Lot M. Johnson; the notice being addressed to him alone. The deed was held void. The notice should have been addressed to " Johnson, Lot M. & Wm.," according to the reading of the tax books. The earlier cases are collected and the point of decision stated, and we need not again go over them. We may, however, quote this from the opinion in *Bradley v. Brown*: " The requirement of the statute appears to us to be absolute. . . . Courts have no power nor authority to dispense with the positive requirements of the statute upon the ground that they are unnecessary." In *Barcroft v. Mann* the defects were that the affidavit did not state the time or place of service. As to the latter requirement, we said: " The object of the statement of the place where the service is effected is not so manifest. It is a part of the return, however, by the statute made essential to a complete service, without which the issuance of a deed by the treasurer is unauthorized." In *Foy v. Houstman* there was failure only to serve notice upon one who was in constructive possession of the property (vacant lots).

Of course, the attempt to serve notice upon J. W. Cattell, known to be deceased, was an idle proceeding. As there was no person in existence to whom the land was assessed and taxed, the situation may be said to be analogous to that

where lands are assessed and taxed under the heading as to ownership of "Unknown." In such cases and for patent reasons a notice to the owner is unnecessary. *Fuller v. Armstrong,* 53 Iowa, 68; *Crawford v. Liddle,* 101 Iowa, 148. But this does not dispense with proper notice to the person or persons in possession. *Railway v. Kelley,* 105 Iowa, 106.

It is immaterial who is the true owner of the property. The requirement of the statute for notice is limited to the person in possession of the property and the person in whose name assessed or taxed. Accordingly proof of service of notice upon the real owner will not of itself be sufficient to validate a deed. *Bradley v. Brown, supra.* And the record as made up by the filing of the affidavit of service cannot be aided by evidence *aliunde.* *Stevens v. Murphy,* 91 Iowa, 356. As the notice to Deborah Cattell and E. F. Grimes, persons in possession, did not comply with the statute, and as the affidavit of service thereof fails to state the place where and under whose direction the service was made, we must hold that it was insufficient.

2. REDEMPTION: notice; service.

There is no theory upon which the relief prayed in the cross-petition can be granted. Should we concede that by any possibility defendant could have a right of lien upon the lands by reason of the simple payment of money by him to or for and on account of Deborah Cattell, still we must hold that there is nothing in the record upon which to base a decree in his favor.

The agreement alleged, and what was done in compliance therewith, was sought to be proven by the testimony of defendant alone. The objection as to his competency to so testify, in view of section 4604 of the Code, was timely and must be sustained. He was the party vitally interested in the action, and his lips became sealed at once upon the happening of the death of Mrs. Cattell.

3. EVIDENCE: transactions with a decedent.

For the reasons pointed out, the decree must be, and it is, *reversed.*