WELLER, Respondent, v. PLATT, Appellant.

(146 N. W. 705.)

1. **Appeal—Review of Evidence—Specification of Particulars, Necessity of—Brief.**

Where no specification of particulars wherein the evidence fails to support findings is in the record, and appellant's brief does not discuss the point, such question of sufficiency is not before the appellate court.

2. **Taxation—Tax Deed—Notice of Expiration of Time to Redeem—Defective Service—Authority—Agency.**

Proof, necessary under Pol. Code, Sec. 2212, for issuance of tax deed, that service on owner of land taxed, of notice of expiration of period of redemption, and that deed will be taken out, was made by holder of tax certificate, his agent or attorney, is not made by a notice, signed by P., owner of certificate, an affidavit by C., sheriff, of delivery by him of a copy of the notice to W., owner of the land, and an affidavit by S., that he is attorney for P., and makes the affidavit as such, and has authority so to do, and that service is complete; S's affidavit not showing the notice was served by him or any one in his presence, or that the service was authorized by him or P., and neither it nor C's affidavit stating that C. was agent or attorney of P.

3. **Appeal—Review—Question Not Raised Below.**

Defendant cannot, for the first time, on appeal, raise the question of plaintiff being barred by statute of limitations, of his right to bring the action, because of failure to make payment or tender before bringing suit.

4. **Record—Review—Evidence Not in Record—Error in Admitting Evidence.**

Where the record on appeal does not contain evidence whose admission by trial court is assigned as error, nor anything tending to show error, such question will not be reviewed on appeal.

5. **Appeal—Admission of Evidence—Harmless Error.**

Erroneous admission of a tax deed offered by plaintiff was harmless error; his evidence, independent of it, showing a complete chain of title from patentee.

(Opinion filed April 6, 1914.)

Appeal from Circuit Court, Clark County. Hon. GEORGE H. MARQUIS, and Hon. FRANK McNULTY, Judges.

Action by Frank Weller against J. E. Platt, to quiet title to land, and for possession, etc. From a judgment for plain-

tiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted.

*G. F. Sherwood,* and *Loucks, Mather & Stover,* for Appellant.

The affidavit of Mr. Sherwood refers to the notice to redeem and the affidavit of Mr. Cook, the sheriff, refers to the notice. Both the affidavit of Cook the sheriff and the affidavit of Mr. Sherwood, the attorney for the holder of the certificate, are attached to the notice and made a part of it by reference and as all three of said papers were attached together and made a part of the one instrument, they should be construed together. Davis v. Davis, (S. D.) 124 N. W. page 715; Smith v. Heath, Iowa, 45 N. W. 768; Stull v. Moore (Iowa) 30 N. W. 387; Johnson v. Brown (Iowa) 33 N. W. 127 and Rowland v. Brown (Iowa) 36 N. W. 403; Sec. 2212, Pol. Code; Funson v Bradt (Iowa) 75 N. W. 338.

*Spangler & Haney,* for Respondent.

Notice that tax deed will issue must be served and the return of service be made by the holder of the tax certificate, his agent or attorney. Rev. Pol. Code 2212; Rector v. Maloney, 15 S. D. 271.

If the attorney's affidavit refers to the service made by Sheriff Cook it adds nothing thereto. The fact remains that there was but one service of the notice and it was made by the sheriff of Davison County who was not the holder of the certificate, his agent or attorney. Where service is made by the delivery of a copy, personally, to the owner, the return necessarily must be made by the person who makes the service or a person present when the copy is delivered, and the latter in such case will need to state by whom the copy was delivered.

The contention that the respondent is barred from maintaining this action because he failed to comply with the provisions of Chapter 70, Laws 1903, relating to the tender of taxes, costs and expenses, is untenable; the objection was not presented to the judge who tried the action. The complaint disclosed no issue relating to a tax title.

SMITH, P. J. Action in the Circuit Court of Clark county to quiet title to a quarter section of land; for possession, and for damages for the use and detention.

The answer admits adverse claim of title and possession, and pleads, both by way of defense and counterclaim, that defendant became owner of the land on the 6th day of August, 1906, through a valid tax deed issued upon a sale of said land for taxes, after a legal and valid notice of sale, which deed was filed in the Register of Deeds office of Clark county, on the 17th day of August, 1906. It was admitted by written stipulation attached to the answer, that defendant has paid out for taxes, the total sum of $132.54, and has paid for breaking on said land, since the date of his tax deed, the sum of $187.50, and that if the court should find defendant's deed invalid; that defendant should recover on his counterclaim, the aggregate sum of $320.04, with interest from the date of payment.

Plaintiff replied to the counterclaim by a general denial, and a specific allegation as a defense to the claim of title under the tax deed, that no notice of the expiration of the period of redemption or of the taking of a tax deed to said premises sixty days prior to the taking of said deed, was ever served upon plaintiff, and that no valid proof of service of such notice was ever filed in the county treasurer's office, as required by section 2212 of the Revised Political Code of 1903.

The trial court found and adjudged that plaintiff was the owner in fee and entitled to possession of the land. Defendant appeals from the judgment and an order overruling his motion for a new trial.

Appellant excepts to the finding that plaintiff was the owner in fee simple and entitled to possession of the land, but has failed to specify any particulars wherein the evidence does not sustain the finding, nor is insufficiency of the evidence discussed in appellant's brief.

The question of sufficiency of evidence therefore, is not before us, and respondent must be deemed to be owner and entitled to possession of the premises, as found by the trial court, unless his title and right of possession have been divested by appellant's tax deed. If the tax deed is void for any reason disclosed by the record, the defense must fail. The trial court found that defendant's tax deed had been recorded less than three years prior to the commencement of the action; that no notice of the expiration of the time for redemption and of the taking of the tax deed had

been given, and no proof of the giving or service of such notice returned and filed with the treasurer of Clark county, as required by statute; that appellant's tax deed was invalid and should be cancelled of record, and that plaintiff be allowed to redeem from the tax sale; that defendant had paid out the aggregate sum of $514.99, which he was entitled to recover on his counterclaim, and that he had received in net profits from the land the sum of $877.62. Judgment in accordance with the findings and conclusions.

The trial court also found certain other of the tax proceedings on which the tax deed was founded, to be irregular, but we think it unnecessary to review these proceedings, as we consider the question of notice of redemption and taking of tax deed to be decisive as to the invalidity of the deed.

[2] Three exhibits constitute the evidence relied upon by appellant to show service and return of the notice of expiration of redemption, and taking of tax deed. These exhibits consist of a notice signed by J. E. Platt, purported owner of the certificate of sale; an affidavit by the sheriff of Davison county, of delivery by him of a copy of the notice to Frank Weller, at Mitchell, S. D., on May 12, 1906; and an affidavit of C. G. Sherwood, which states that he is attorney for J. E. Platt, who is owner and holder of the certificate of tax sale, notice of which is hereto attached; that he makes the affidavit as attorney for J. E. Platt, and has authority so to do; and that service of notice is fully complete. This affidavit contains the further statement: "Such notice was served personally upon Frank Weller, who is the same person sometimes spoken of as F. Weller, and who is the owner and person in whose name said land was taxed, and the person in possession thereof. That the same was served on the said Weller by delivering to and leaving with him a copy of the notice to take tax deed, attached hereto, on May 12, 1906, no one being in actual possession, but said Weller being in constructive possession of said land." The fourth paper attached is immaterial and need not be referred to. The affidavits of the sheriff of Davison county, and Sherwood thus constitute the complete return of service relied upon by appellant. It will be noted that the affidavit of Sherwood does not state that the notice was served by himself, or any other person in his

presence. It is not in itself evidence of service, it does not state the service referred to in the affidavit was authorized by Platt; it does not even purport to be founded on Cook's affidavit; it does not state, either that affiant as attorney, or Platt as certificate holder, authorized the service; it adds nothing whatever, to the effect of Cook's affidavit; it avers in fact and in legal effect, nothing more than that affiant is Platt's authorized affidavit maker. It is true, the Supreme Court of Iowa has held, under a statute like our own, that attached affidavits, incorporated together by express reference or necessary implication, and filed in the treasurer's office as proof of service, may be considered together, in determining the sufficiency of the proof of service. But so far as we have discovered, that court has never held that a fact vital to the validity of the service, but not stated in any of the affidavits so attached, may be assumed, by inference, to exist. In the case at bar, neither the affidavit of Cook, nor that of Sherwood, purports to state, either directly or inferentially, that *Cook was the agent or attorney of Platt,* or that the service was made at the request of Platt or his attorney, Sherwood. Under this statute, the return must show that service was made, either by the holder of the tax certificate, or by his agent or attorney. It is so expressly held in Stevens v. Murphy, 91 Iowa, 356, 59 N. W. 203, 51 Am. St. Rep. 348. In that case, the court said: "The deed in this case did not issue upon any showing that the service was made by an agent or attorney. The treasurer could no more assume such fact than he could other important facts required to appear in the return." Commenting on the case of Ellsworth v. Van Ort, 67 Iowa, 222, 25 N. W. 142, the court also said: "The holding in that case means that before the treasurer can issue the deed, all the facts essential to the authority to do so shall appear in the files of his office. The fact that the proof of service was made by one authorized to make it, is claimed to be important." The decision of this court in Rector v. Maloney, 15 S. D. 271, 88 N. W. 575, is directly founded upon Ellsworth v. Van Ort. The affidavit of Sherwood fails to supply the vital fact, also wanting in Cook's affidavit, that Cook was agent or attorney of Platt. This brings the case squarely within the ruling in Stevens v. Murphy, supra, and we think must be decisive of the insuffi-

ciency of the proof of service. The Iowa statute construed in Stevens v. Murphy, was identical with our own. The rule there announced appears to have been incorporated in a later statutory enactment, (Sec. 1441 Iowa Code), construed in Peterson v. Wallis, 118 N. W. 27, which requires that the affidavit of service shall show "under whose direction the service was made." Without this showing the affidavit of service is fatally defective. Grimes v. Ellyson, 130 Iowa, 286, 105 N. W. 418.

In Smith v. Heath, 80 Iowa, 231, 45 N. W. 768, relied on by appellant, the affidavit was made by the holder of the tax certificate, who swore that he served the notice himself by publishing it for four weeks in a newspaper named, giving date of publication, as per annexed notice, referring to the attached affidavit of the publisher of the newspaper. In that case, it was conceded that the two affidavits covered every essential fact of valid service, if they could be considered together as constituting a return of service. The court held that they might be so considered, and that the proof was sufficient. The decision does not reach the defect in proof in the present case, because here, all the affidavits considered together, fail to show that the service was made either by the holder of the tax certificate, his agent or attorney. If Sherwood's affidavit, in addition to showing that he was attorney for Platt (the certificate holder), had also shown that he, as such attorney, had authority to and did direct Cook to make the service which was shown by Cook's affidavit, or had Cook's affidavit shown that he was authorized by Platt, the certificate holder, to make the service as shown by his affidavit, we think the proof of service would have been sufficient. The exact situation is that the act of Cook, so far as the return of service is concerned, is not shown to have been authorized or caused by any person in any manner connected with the certificate holder.

The cases of Rector v. Maloney, 15 S. D. 271, 88 N. W. 575, and Stevens v. Murphy, supra, are decisive of the exact point presented in the former case, the return of service was an affidavit of appellant's attorney similar to this, and the return was held void. It was also held that in the absence of a proper return, the county treasurer was without authority to execute the tax deed. The latter principle was again affirmed by this court in the case of Hardy v. Woods, 28 S. D. 151, 132 N. W. 692.

[3] Appellant contends that plaintiff, having failed to pay or tender the amount of taxes, costs and expenses, prior to the commencement of this action, is absolutely barred of his right to maintain the action under Chapter 70, Session Laws of 1903. The record fails to show that any such question or objection was presented to the trial court, nor is any such defense alleged in the answer. The question cannot be raised for the first time on appeal. McCabe v. Des Noyers, 20 S. D. 581, 108 N. W. 341; Merrill v. Minneapolis & St. Louis Ry. Co., 27 S. D. 1, 129 N. W. 468.

[4] Plaintiff offered in evidence, various deeds constituting a chain of title from the government patentee to plaintiff's grantor, Sioux City Seed and Nursery Co., and a warranty deed from said company to plaintiff, which deed was objected to by appellant, on grounds of alleged irregularities in the acknowledgment. Neither the deed nor the acknowledgment, is found in the printed record, nor does anything appear therein, tending to show affirmatively, that the court erred in receiving the instrument in evidence.

[5] Plaintiff also offered in evidence, an instrument purporting to be a treasurer's tax deed to himself, of the land in controversy, which was objected to, for the reason that the same appeared void on its face, in that it shows a sale at auction to Clark county, and the sale of several tracts at one sale. This deed is set forth in the printed abstract, and an inspection thereof, discloses that appellant's objection should have been sustained. But inasmuch as plaintiff's evidence shows a complete chain of title from the patentee, independent of the tax deed, the error cannot be deemed prejudicial or ground for reversal.

[6] The trial court found that defendant had received in net profits from said premises for the years 1908, and 1909, the sum of $877.62. Appellant excepted to this finding and to the evidence upon which it was founded. It is apparent from this finding and the evidence received at the trial, that the trial court proceeded upon the theory that plaintiff was entitled to recover as damages, the value of the crops raised on the premises. In this, the trial court was clearly in error. Section 2313, Civil Code provides: "The detriment caused by the wrongful occupancy of property in cases not embraced in Secs. 2314, 2320, 2321, and

2322, is deemed to be the value of the use of the property for the time of such occupation, not exceeding six years next preceding the commencement of the action or proceeding to enforce the rights to damages, and the costs, if any, of recovering the possession." Parkinson v. Shew, 12 S. D. 171, 80 N. W. 189; Hollister v. Donohoe, 16 S. D. 206, 92 N. W. 12; Baldwin v. Bohl, 23 S. D. 395; 122 N. W. 247. The cases of Olson v. Huntimer, 6 S. D. 364, 61 N. W. 479, 8 S. D. 220, 66 N. W. 313; Parkinson v. Shew, supra, and Baldwin v. Bohl, supra, all fall within the exceptions contained in sections 2313, Civ. Code. The defendant in this case, claimed and occupied the premises under a tax deed, which constituted color of title, and such occupancy was not in itself, wilfully wrong or tortious. In such case, the correct measure of damages is the value of the use of the property for the time of such occupancy, and the trial court committed prejudicial error in receiving the evidence excepted to, and in the finding of fact above referred to. See generally, 39 Cyc. 862 (2), 870 E.. Because of this error, the order and judgment of the trial court are reversed and a new trial awarded appellant, with costs of appeal.